STRAWBERRY POINT BANK *v.* LEE.

1. PROMISSORY NOTES—NEGOTIABILITY.

A promissory note is rendered non-negotiable, under the law of this State, by a stipulation therein for the payment of attorney's fees in case suit is brought upon the note.

2. SAME—CONFLICT OF LAWS.

The law of the place where a note or bill of exchange is made and delivered will govern, in the absence of the designation of any other place as the place of payment.

3. SAME—PLACE OF DELIVERY—PRESUMPTION.

The presumption is that a note executed by residents of Michigan, and dated and signed in this State, was delivered in Michigan.

4. SAME—RESIDENCE OF PAYEE.

Adding to the name of the payee in a note made and delivered in this State his place of residence in another State is descriptive merely, and therefore insufficient to render the note a contract of such other State.

Error to Clinton; Daboll, J.   Submitted April 26, 1898. Decided May 17, 1898.

*Assumpsit* by the Strawberry Point Bank against E. C. Lee and others upon a promissory note. From a judgment for defendants on verdict directed by the court, plaintiff brings error.   Affirmed.

*Edwin H. Lyon,* for appellant.

*Charles Snelling* and *Fedewa & Walbridge,* for appellees.

GRANT, C. J.   Plaintiff, a corporation of Iowa, brought suit upon a note executed by the defendants for $1,600, payable to "A. B. Holbert, or order, of Greeley, Iowa." The note also contained the following provision:

"Interest payable annually, and interest at the rate aforesaid upon such interest after the same becomes due, until paid; and we agree, if this note is not paid when due, and the holder sues the same, to pay a reasonable sum as attorney's fees, to be assessed by the court, and taxed as a part of the cost, in any suit brought thereon."

The defense was that the note was obtained by fraud. Plaintiff claimed to be a *bona fide* purchaser, before due. If the note was payable in Michigan, it was not negotiable, and was therefore open to the defense set up and proven. *Cayuga County Nat. Bank* v. *Purdy,* 56 Mich. 6; *Altman* v. *Rittershofer,* 68 Mich. 287 (13 Am. St. Rep. 341). If it was payable in Iowa, it became an Iowa contract, and was negotiable, under the decisions of that State. *Sperry* v. *Horr,* 32 Iowa, 184; *Shenandoah Nat. Bank* v. *Marsh,* 89 Iowa, 273 (48 Am. St. Rep. 381).

It is unnecessary to cite authorities to show that the law of the place where a promissory note or bill of exchange

is made and delivered controls, in the absence of the designation of any other place; and, if any other place is designated, the law of that place controls. This is elementary. Plaintiff insists that the expression in the note, "We promise to pay A. B. Holbert, or order, of Greeley, Iowa," fixes the place of payment. There is no direct evidence as to where or when the note was delivered. It was dated in Michigan, signed in Michigan, and defendants resided in Michigan. The presumption therefore is that it was delivered in Michigan. The note fixes no place for payment, unless the fact that the note stated that the residence of the payee was in Iowa fixes the place. No authorities are cited sustaining this contention. The name of the payee in a mortgage is usually stated, but this does not make it a contract to be executed in the State where the mortgagee resides. Adding the place of residence of the payee is merely descriptive. If a resident of Australia were the payee of a note executed and delivered in Michigan by residents of Michigan, it certainly would not follow that the contract was to be performed in Australia because his residence was inserted after his name. Counsel appears to rely mainly upon *Cox* v. *National Bank*, 100 U. S. 704. That was a case of a bill of exchange drawn on "C. & C., New York, N. Y." It was held that the bill was, in law, payable at that city. The liability of the indorsers alone was involved. The subject is very ably discussed in that opinion. The true rule is there stated on page 712, as follows:

"Where no place of payment is expressed in a bill or note, the general rule, in the absence of any agreement or circumstances fixing or indicating a different intention, is that the place of presentment is the place where the acceptor or maker resides, or at their usual place of business. Circumstances, however, may control the usual inference arising from the want of any such expression in the instrument, which may warrant a very different conclusion. Thus, if a bill were drawn upon a merchant when abroad, and should be addressed to him 'at Paris or at London,' the place of payment would be the place where he accepted the instrument, whether Paris or London, and not the

place of his residence when the bill was drawn or at its maturity. 1 Daniel, Neg. Inst. § 90. Provided no place is designated or agreed or indicated in the form of the address or the terms of the acceptance, the rule then is that the presentment for payment must be made at the home or domicile of the acceptor or maker, or at their usual place of business, during business hours. Id. § 635."

There are no circumstances shown in this case to take it out of the above rule.

The judgment is affirmed.

The other Justices concurred.