[No. 7974. Department Two. August 26, 1909.]

## N. C. BARDSLEY, *Respondent*, v. WASHINGTON MILL COMPANY, *Appellant*.[1]

BILLS AND NOTES—PLACE FOR PAYMENT. Where no place of payment is expressed in a note, it is payable where the maker resides or at his usual place of business.

BILLS AND NOTES—MATURITY—DEFAULT IN INTEREST—ELECTION TO DECLARE DUE—DEMAND—PRESENTMENT. The holder of a note cannot exercise the option expressed therein to declare the whole sum due for default in the payment of an interest installment, without presentment, demand and refusal, where the note specified no place for payment, and the makers had an established place of business known to the holder, and were at all times ready to pay the interest due.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered November 30, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on a promissory note. Reversed.

*Danson & Williams*, for appellant.

*Belden & Losey*, for respondent.

[1]Reported in 103 Pac. 822.

PARKER, J.—This is a suit upon a promissory note executed by the defendant December 21, 1904, and due December 21, 1909.   The ground upon which the plaintiff contends that he is entitled to recover at this time is the alleged default in the payment of interest installments past due, giving him the right to declare the whole debt due.   Upon a trial before the court, findings and judgment were made and rendered favorable to the plaintiff, from which the defendant appeals to this court.   Exceptions were duly taken by appellant to certain of the court's findings, as well as the court's refusal to make others proposed by appellant.   All of the evidence is brought here for our review of the case, and so far as the facts are concerned which, in our opinion, determine the rights of the parties, they are practically undisputed, and may be summarized as follows:

The plaintiff is a resident of Spokane, and the defendant is a domestic corporation of the state of Washington with its place of business at Spokane, at all times since the making of the note sued upon, which is in words and figures as follows:

"$5000.00                    Spokane, Wash., Dec. 21st, 1904.

"On or before Dec. 21, 1909, after date, without grace, we promise to pay to the order of Maida T. Carson Five Thousand Dollars in Gold Coin of the United States of America of the present standard value, with interest thereon, in like Gold Coin, at the rate of 10 per cent per annum from date until paid, for value received.   Interest to be paid monthly and if not so paid the whole sum of both principal and interest to become immediately due and collectible, at the option of the holder of this Note.   And in case suit or action is instituted to collect this Note, or any portion thereof, we promise and agree to pay in addition to the costs and disbursements provided by statute a reasonable sum of Dollars in like Gold Coin for Attorney's fees in said suit or action.

"Due Dec. 21, 1909, at Spokane, Wash.

"Washington Mill Co.

"Per W. H. Acuff, Pres.

"Per J. C. Barline, Treas."

Sometime after the making of the note, it was purchased by E. H. Belden, a resident of Spokane, from the original payee, and by him put up as collateral with the Exchange National Bank of Coeur d'Alene, Idaho. Prior to this time, the installments of interest had been paid from time to time at the office of the appellant, but thereafter, upon notice from the bank, appellant made some payments of interest upon the note by remittance through the mail to the bank, the last of which remittances paid the interest up to December 15, 1907. No further payments being made; the note was transferred to the respondent for the purpose of instituting this suit, which soon thereafter was commenced on February 20, 1908. It is conceded, however, that E. H. Belden was, and still is, the real owner of the note. The evidence is not very satisfactory as to notice of or demand for payment of the interest installments falling due after December 15, 1907, and prior to the commencement of this action. But in any event, such notice or demand, at best, consisted of nothing more than the sending to appellant of a notice or demand for payment of such interest through the mail by the bank while the note was in its possession at Coeur d'Alene. The appellant has at all times been ready and willing to pay the interest accruing since December 15, 1907, as it became due at its place of business in Spokane. But the note has not been presented there at any time, nor was appellant given any opportunity to pay the interest there prior to the bringing of this suit, though the respondent, and also Belden, the real owner of the note, at all times knew the location of the place of business of appellant at Spokane. In so far as these facts were not found by the trial court, they were requested to be found by appellant, and are established beyond controversy by the evidence. It is unnecessary for us to point out the particulars in which we regard the court's findings and conclusions as erroneous.

This is not a question of charging the company primarily liable upon this note as to its ultimate liability. The appel-

lant would not be released from liability to pay the principal and interest thereon by any failure to present the note, or demand payment at any particular time or place. This would be true whatever construction might be placed upon its terms as to place of payment, but for determining the right of the respondent to exercise his option to declare the whole of both principal and interest due and collectible upon default in payment of interest installments, we regard the place of payment and the presence of the note there, thus furnishing an opportunity to pay, as of vital moment. Some contention is made upon the question of whether or not the note is by its terms payable at a particular place—that is, whether or not the place named in the note, to wit, "Spokane, Wash." is a particular place. Considering the fact that Spokane is a large commercial city, it may be that such designation of place of payment is not very specific, and such provision standing alone may not under all circumstances be regarded as designating a particular place of payment other than limiting it to some place within the city. There is, however, a principal of law sufficient for this purpose which we regard as fixing the place of payment of this note and interest thereon with equal certainty as if specifically named by its express terms.

In 1 Daniel, Negotiable Instruments (5th ed.), § 90, the rule is laid down that, "Where no place of payment is expressed in a note the place of payment is understood to be where the maker resides." And the supreme court of the United States in the case of *Cox v. National Bank*, 100 U. S. 704, 712, 25 L. Ed. 739, uses this language:

"Where no place of payment is expressed in a bill or note, the general rule, in the absence of any agreement or circumstance fixing or indicating a different intention, is that the place of presentment is the place where the acceptor or maker resides, or at their usual place of business."

See, also, *Baily v. Birkhofer*, 123 Iowa 59, 98 N. W. 594; *Oxnard v. Varnum*, 111 Pa. St. 193, 2 Atl. 224, 56 Am.

Rep. 255; *Strawberry Point Bank v. Lee*, 117 Mich. 122, 75 N. W. 444; Hunt, Tender, § 313.

At all times since the making of this note, the appellant had an established place of business in Spokane. The original payee and each successive owner of the note, being all residents of Spokane, knew of appellant's place of business there. The note was at no time, after the last payment of interest, presented there, and the only knowledge of the whereabouts of the note on the part of the appellant, after the last payment and before the commencement of this action, was that the same was in possession of a bank in another state. In view of the law, which we regard under the circumstances of this case as fixing the place of payment specific and certain as if named in the note at the place of business of appellant, we think it was not required to go elsewhere to pay interest thereon in order to prevent the owner from exercising his option to declare the whole debt due on account of interest remaining unpaid. Before the owner has the right to exercise such option he must furnish the maker of the note an opportunity to pay at the place where the same is payable, whether that place is determinable by express words in the note or by implication of law. Our negotiable instruments statute, Laws of 1899, p. 353, § 70, provides:

"Presentment for payment is not necessary in order to charge the person primarily liable on the instrument; but if the instrument is, by its terms, payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part."

As above indicated, this note may not be "by its terms payable at a special place," and for that reason we do not base our decision upon this statute, but upon the law which, applied to these undisputed facts, does fix a special place for its payment independent of statute. The appellant being ready and willing to pay at the time and place for payment,

we are of the opinion there was no such default in payment of interest as to entitle respondent to maintain an action upon the whole debt, and that this action was prematurely commenced.

We conclude that the judgment of the superior court should be reversed, with instructions to dismiss the action. It is so ordered.

RUDKIN, C. J., MOUNT, CROW, and DUNBAR, JJ., concur.