J. A. CORBETT, Respondent, v. ULSAKER PRINTING COM-PANY, a Corporation, Appellant.

(24 A.L.R. 1047, 190 N. W. 75.)

**Tender — negotiable instrument payable at certain city, not payable at "special place," making ability and willingness to pay at special place equivalent to tender.**

A negotiable instrument made payable at a certain city is not payable at a "special place" within the meaning of § 6955, Comp. Laws, 1913 (§ 70, Uniform Negotiable Instruments Law), which makes ability and willingness to pay at the special place equivalent to a tender of payment.

Opinion filed October 3, 1922.

Tender, 38 Cyc. p. 143 n. 80 New.

Action in District Court, Cass County, *Cooley,* J.
Affirmed.
*Brickner & Knox,* for appellant.

The burden of establishing a sale or contract for sale of goods is on the plaintiff. He must prove all the essential elements, sale and de-

---

Note.—As to when instrument deemed payable at a "special place" within the provision of the Uniform Negotiable Instrument Law making ability and willingness to pay at such a place equivalent to tender, see note in 24 A.L.R. 1050.
See also 26 R. C. L. 635.

livery, acceptance, value, amount and price, terms and conditions. Ulmer v. McDonnell, 11 N. D. 391; Morris v. Occident Elev. Co. 33 N. D. 447, 157 N. W. 486.

"Where no place of payment is expressed in a bill or note the general rule in the absence of any agreement or circumstances fixing or indicating a different intention, is that the place of presentment is the place where the acceptor or maker resides or at their usual place of business." Cox v. National Bank, 100 U. S. 704, 25 L. ed. 739; Bailey v. Birkhofer, 123 Iowa, 59, 98 N. W. 594; Oxnard v. Varnum, 11 Pa. 193, 2 Atl. 224, 56 Am. Rep. 255; Strawberry Point Bank v. Lee, 117 Mich. 122, 75 N. W. 444; Hunt, Tender, § 313; Dan. Neg. Inst. 4th ed. p. 612; approved in Davis v. Epler, 38 Kan. 631.

*John G. Pfeffer,* for respondent.

"Where a note provides that it shall become due on default, in the payment of any instalment of interest, such default renders it due immediately, and entitles the holder to maintain an action at once for the entire debt. The same is true where a series of notes provides that all shall become due on default in the payment of anyone, and where a note payable in instalments provides that the whole shall become due on default in the payment of any instalment." 8 C. J. 416; Gregory v. Marks (U. S.) 10 Fed. Cas. No. 5802; Hewitt v. Dean (Cal.) 27 Pac. 423; Whitcher v. Webb, 44 Cal. 127; Heath v. Achey (Ga.) 23 S. E. 396; Kilcrease v. Johnson (Ga.) 11 S. E. 870; Buchanan v. Berkshire, etc. Co. 96 Ind. 510; Stephens v. Hunting, etc. Ass'n. 76 Ind. 109; Billingsley v. Dean, 11 Ind. 331; Ausen v. Byrd, 6 Ind. 475; Van Bechten v. Jones (Iowa) 73 N. W. 1032; St. Paul, etc. Co. v. Thomas (Minn.) 61 N. W. 1134; Vette v. La Barge (Mo.) 64 Mo. App. 179, 2 Mo. App. 907; McCorckle v. Miller, 64 Mo. App. 153; Newbern, etc. Co. v. Duffy (N. C.) 68 S. E. 915; Mallon v. Stevens (Ohio) 9 Am. L. Rec. 702; Rogers v. Watson (Tex.) 17 S. W. 29; Sea v. Glover, 1 Ill. App. 335; Morling v. Bronson (Neb.) 56 N. W. 205; Halwood, etc. Co. v. Heffernan, 29 Pa. Co. Ct. 300; Carlon v. Kenealy, 12 M. & W. 139.

"But in the absence of such provision, no notice to the mortgagee is necessary nor any demand of payment before suit; the commencement of a suit for foreclosure of the entire mortgage is a sufficient declaration of the mortgagee's intention and is all the notice to which the

mortgagor is entitled." 27 Cyc. 1542; Clements v. Luce (Cal.) 35
Pac. 1032; Sichler v. Look (Cal.) 29 Pac. 220; Hewitt v. Dean (Cal.)
27 Pac. 423; Monroe v. Fohl (Cal.) 14 Pac. 514; Leonard v. Tyler,
60 Cal. 299; Whitcher v. Webb, 44 Cal. 127; San Gabriel, etc. Bk. v.
Lake, etc. Co. 86 Pac. 727; Austin v. Burbank (Conn.) 2 Am. Dec.
119; Hodgdon v. Davis, 6 Dak. 21, 50 N. W. 478; Broadbent v. Brun-
back (Idaho) 16 Pac. 555; Smith v. Billings (Ill.) 49 N. E. 212;
Swearingen v. Lahner (Iowa) 26 L.R.A. 765; Hawes v. Detroit, etc.
(Mich.) 67 N. W. 329; National etc. Co. v. Butler (Neb.) 85 N. W.
437; Fowler v. Woodward (Minn.) 4 N. W. 231; Quackenbush v.
Lane (U. S.) 20 Fed. Cas. No. 11191; Hothorn v. Louis (N. Y.)
62 N. E. 1096.

BIRDZELL, Ch. J.  This is an action to foreclose a conditional sale
contract.  The plaintiff recovered a judgment, and the defendant ap-
peals.  The facts are that the defendant, in August, 1920, purchased
of the plaintiff a Mahlstedt Multi-Color Printing Press for the sum of
$1,000, paying $175 in cash and agreeing to pay $175 September 5th
following.  The balance of $650 was covered by notes of $50 each, the
first one due October 5th, 1920, and one falling due each month there-
after until the whole would be paid.  The sale contract reserved title
in the plaintiff until payment of all notes, and contained a provision
that in case default should be made in the payment of any of them, the
whole of the balance of the purchase price and the unpaid notes should
become immediately due and payable.  The notes were dated Fargo,
North Dakota, August 17th, 1920, and each one was expressed to be
payable to the order of the plaintiff "at Fargo, North Dakota."  The
notes falling due prior to April 5th, 1921, were paid, but that note and
subsequent notes, with interest, were not paid when due.  This action
was begun by the service of summons and complaint in June, 1921.
In the complaint the plaintiff declared an election to treat the whole
of the balance as due.  Judgment was entered for the full amount un-
paid and special execution awarded.

The principal error argued on this appeal is that up to the time the
action was brought there had been no default in the payment of the
purchase price notes to justify the bringing of an action, or, at any
rate, the entry of a judgment covering the amount of the purchase price

embraced in notes not yet matured. This contention is founded upon § 6955, Comp. Laws, 1913 (§ 70, Uniform Neg. Inst. Act) which provides that presentment for payment is not necessary in order to charge a person primarily liable on an instrument, but if the instrument is, "by its terms, payable at a special place and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part." It is argued that as the note was payable "at Fargo, North Dakota," it was payable at a "special place" within the meaning of this statute and, hence, that the trial court should have allowed the defendant to establish its ability and willingness to pay the notes as they fell due in order that it might be considered to have tendered payment; and, having in legal effect tendered payment, to have rendered inoperative the express condition in the contract authorizing the vendor to declare the balance due.

We are clearly of the opinion that the designation of a city in which the instrument is payable is not the designation of a "special place" within this provision of the statute. The purpose of the statute seems to us to be obvious. It subserves the convenience of both parties in that it contemplates the designation of a particular place where the holder of the instrument, on the one hand, may go with the expectation of receiving the amount due or of ascertaining that the instrument will not be met, thus obviating the necessity of seeking out the obligor; while, on the other hand, it enables the obligor to make provision against default or dishonor by having the funds at such place, thereby stopping interests and obviating costs. The clear purpose of the statute would not be carried out, in our opinion, by giving to the expression "a special place" a meaning which would make it coextensive with the borders of a city.

The appellant relies upon the case of Bardsley v. Washington Mill Co. 54 Wash. 553, 132 Am. St. Rep. 1133, 103 Pac. 822; but in that case, while the instrument was payable "at Spokane, Washington," the court declined to hold that the note was, by its terms, payable at a special place within that section of the Neg. Inst. Act heretofore quoted in part, and it declined to base its decision upon the statute. It was held, however, that the law, aside from the statute, fixed a special place for its payment, so that if the obligor were able and will-

ing to pay it at such place he was not in default to the extent that the holder could exercise his option to declare the balance of principal and interest due. We are not aware of any rule of law that so fixes a place of payment where the parties have not agreed on a special place. Authorities which merely establish that the residence or place of business of the obligor, or primary party, is the proper place at which to make presentment to charge a secondary party do not go so far as to declare that the ability and willingness of the primary party to pay at such place is equivalent to a tender. Where the payee has not agreed upon "a special place" and is content to seek redress against the primary party alone, he is under no duty to make presentment and the statute so declares. It is, therefore, incumbent upon the primary party to relieve such default by payment or tender. There being no specified place of payment in the notes involved here, the failure to pay at maturity was a default within the contract. We are, therefore, of the opinion that the main contention of the appellant must be denied. Such of the remaining specifications of error as have merit are dependent upon the principal contention hereinbefore discussed and require no additional consideration. The judgment appealed from must be affirmed. It is so ordered.

CHRISTIANSON, ROBINSON and GRACE, JJ., concur.

BRONSON, J. (specially concurring). I concur in an affirmance. I agree that the notes involved were not payable at a special place within the meaning of § 6955, Comp. Laws, 1913; Uniform Neg. Inst. Law, § 70. In my opinion the case of Bardsley v. Washington Mill Co. 54 Wash. 553, 103 Pac. 822, 132 Am. St. Rep. 1133, does not express a contrary view. It does not necessarily follow that the mere failure of the maker to pay the notes due at maturity is such a default as entitles the payee to absolutely declare the whole debt due and payable if circumstances might otherwise show equitably that the defendant was ready, willing, and able to make payment of the notes that were due. This is an equitable action. But the defendant has relied entirely upon the law defense of failure to make presentment at a special place. No other defense was presented. Furthermore, at the

time of the rendition of the judgment all of the notes had become due. It was proper for the trial court to render judgment for the amount then due. Comp. Laws, 1913, § 8100. The judgment, accordingly, must be sustained.