KALMAN SHAPIRO, Appellant, *v.* HARRY WEBER and Another, Respondents.

First Department, June 3, 1927.

Bills and notes — action to recover on fifty promissory notes — each note contained an acceleration clause providing that upon default in payment of any note for twenty days, all notes would become due — defendant maker pleaded, as complete defense, that at time of maturity of first note he was ready and able and willing to pay it, but was prevented by failure to present note — defendant also pleaded that he was ready, willing and able to pay note, but that he was prevented from so doing because plaintiff was out of country — said defenses are partial defenses — defendant should have alleged under Negotiable Instruments Law, § 130, that he had funds available for that purpose — defenses are good as against notes accelerated by default in payment of first note — indorsements, providing for acceleration, are governed by law of contracts — maker was not required to search for payee of note.

This is an action on fifty promissory notes payable at a definite named place. An indorsement on each note provided that the payment of all would be accelerated on default in the payment of any one note for a period of twenty days. Defendant maker defaulted in the payment of the first note. He

pleaded as separate complete defenses that he was ready and able and willing to pay the first note when it was due, but was prevented from so doing by the failure of the plaintiff to present the note, and that he was ready, able and willing to pay the note, but was prevented from so doing through the absence of plaintiff from the country. The two defenses, though pleaded as complete defenses, are partial defenses only. The failure of presentment does not bar the holder's right of recovery against the maker of a note which is past due.

The effect of the failure of presentment, under section 130 of the Negotiable Instruments Law, is only that if the maker is able and willing to pay at the place of payment at maturity and has funds there available for that purpose, "such ability and willingness are equivalent to a tender of payment upon his part." The defendant maker failed to plead that he had funds available for the payment of the note, and, therefore, the defenses are technically deficient.

However, as to the acceleration clause making the forty-nine notes due for default in payment of the first one, the defenses are sufficient, for the indorsements on the notes, accelerating payment, are governed by the law of contracts and not by the rules applicable to negotiable instruments. Under the law of contracts, the defendant maker was not required to search for his creditor, but it was the duty of the plaintiff to go to the place fixed for payment if he desired to put the defendant in default.

APPEAL by the plaintiff, Kalman Shapiro, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of December, 1926, denying plaintiff's motion to strike out the first and second separate and distinct defenses in the amended answer.

*Henry G. Wiley* of counsel [*Cyril F. dos Passos* with him on the brief; *Dos Passos Brothers*, attorneys], for the appellant.

*Samuel Null* of counsel [*Kopp & Markewich*, attorneys], for the respondents.

PROSKAUER, J. Plaintiff is the holder of a promissory note for $1,000, past due by its terms, and forty-nine other notes of the same amount, constituting a series, payment of which, by indorsement on the note, was to be accelerated " upon default in the payment of any one note for a period of twenty days." The notes were payable at a definite named place. The action is upon all fifty of the notes. In a first separate defense the defendant maker pleads that at the time of the maturity of the note he was ready, able and willing to pay it, but was prevented from so doing by the failure of the plaintiff to present the note for payment. In a second defense the maker pleads that upon the due date of the note and during the twenty-day period he was ready, able and willing to pay the note, but was prevented from so doing because the plaintiff was out of the country and he was unable to ascertain to whom payment should be made. Each defense is stated as a complete one. It must be conceded that they are but partial

defenses. The failure of presentment does not bar the holder's right of recovery against the maker on the note, which by its terms was past due. Its effect under section 130 of the Negotiable Instruments Law is only that, if the maker is able and willing to pay at the place of payment at maturity and has funds there available for that purpose, " such ability and willingness are equivalent to a tender of payment upon his part." The pleader here has omitted the allegation contemplated by section 130 that the maker had " funds there available for that purpose." We do not hold that this statutory provision means that cash in hand must be available at the place of payment, but the pleader may at least appropriately allege that the maker was in funds available for purposes of payment. Three things are required by section 130: ability, willingness, and the possession of funds available for payment. In the first separate defense willingness is not alleged, the phrase used by the pleader being " ready and able," and there is no allegation of the possession of available funds. There is, therefore, a technical defect in the allegations of the first defense even with respect to the first note of the series.

The important question, however, is the effect of the separate defenses, if correctly stated as partial, to so much of plaintiff's claim as is predicated on the forty-nine accelerated notes. If, in substance, the facts there alleged constitute a defense to this portion of the claim, the defendant should have leave to plead over. In our opinion they do constitute such defense. The agreements indorsed on the notes accelerating payment upon the conditions there stated are governed by the law of contracts and not by the peculiar rules applicable to negotiable instruments. The substance of the agreement is that default in payment continuing for a period of twenty days shall entitle the holder to acceleration. The notes were payable at a particular place. The debtor was not required as a matter of contract law to search for his creditor. It was for the creditor to repair to the place fixed for payment if he desired to put the debtor in default. In *Bardsley* v. *Washington Mill Co.* (54 Wash. 553; 103 Pac. 822), Parker, J., for the Supreme Court of Washington, writes of a case of this nature: " Before the owner has the right to exercise such option he must furnish the maker of the note an opportunity to pay at the place where the same is payable * * *. The appellant being ready and willing to pay at the time and place for payment, we are of the opinion there was no such default in payment of interest as to entitle respondent to maintain an action upon the whole debt, and that this action was prematurely commenced." We adopt the reasoning of this authority.

While the order sustaining the defenses must be reversed and the motion granted for the technical reasons set forth, the order of reversal should provide that it be without costs of this appeal and that the defendant should have appropriate leave to plead over without costs; the case to retain its place on the calendar.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Order reversed and motion granted, with leave to the defendants to serve an amended answer within twenty days from service of order; the case to retain its place on the calendar.