## In re ESTATE OF LUCAS.

### CLAIM OF THOMPSON.

1. BILLS AND NOTES—RESIDENCE OF PAYEE—PLACE OF PAYMENT.
   Setting forth payee's address in body of note served only for identification purposes and did not fix place of payment.

2. SAME—PLACE OF PAYMENT—PRESUMPTION.
   If no place of payment is named in a note, it is presumed to be payable at the place of residence of the maker.

3. SAME—DELIVERY—CONSUMMATION.
   Delivery of a note is essential to the consummation of the contract.

4. SAME—DELIVERY—DEPOSIT IN MAIL.
   Note executed by Michigan makers payable to nonresident payee *held*, delivered when deposited in mail by makers addressed to payee, where makers solicited loan from payee by correspondence.

5. SAME—DELIVERY—AGENCY OF POSTOFFICE.
   Where parties to a note live apart and the natural and ordinary mode of transmission is by mail the postoffice may be regarded as the common agent of both parties; of the maker for transmitting the note, of the payee for the purpose of receiving it from the maker.

6. SAME—HUSBAND AND WIFE—CONTROLLING LAW.
   Note executed by husband and wife, residents of Michigan, payable therein, and delivered there by mailing to nonresident payee *held*, a Michigan contract and liability thereon governed by Michigan law.

* Continued from Vol. 271.

7. EXECUTORS AND ADMINISTRATORS—HUSBAND AND WIFE—BILLS
AND NOTES—WIFE'S SEPARATE ESTATE—BURDEN OF PROOF.

In proceedings against wife's estate to recover amount due on
joint note executed by herself and husband, containing recital
that it should be a first claim against their estates in the
event of the decease of one or both of them, given payee for
loan to meet construction expenses of building erected on
property they held as tenants by the entireties, proof that the
proceeds were deposited in wife's bank account did not, in
and of itself, make joint borrowing relate to her separate
estate nor shift burden of proof to defendant to trace subse-
quent expenditure thereof to purpose for which loan was ob-
tained.

8. HUSBAND AND WIFE—BILLS AND NOTES—WIFE'S PERSONAL LIA-
BILITY—COMMON LAW.

Personal liability of wife on joint note of herself and husband,
constituting a Michigan contract, and given nonresident payee
to meet construction expenses of building on entirety property
*held*, govered by common law.

9. SAME — STATUTES — CONTRACTS — COMMON LAW DISABILITIES OF
MARRIED WOMEN—COVERTURE.

Statute abrogating common-law disability of married women
*held*, to be a recognition of the common-law rule of coverture
and to remove certain contracts only therefrom and afford but
little remedy (3 Comp. Laws 1929, § 13062 *et seq.*).

10. SAME—TENANCY BY ENTIRETIES—WIFE'S PERSONAL LIABILITY—
BILLS AND NOTES.

A married woman is not personally liable for the payment of a
note executed by herself and husband for benefit of property
owned or held by them by the entireties.

Appeal from Oakland; Gillespie (Glenn C.), J.
Submitted April 3, 1935. (Docket No. 40, Calendar
No. 38,341.) Decided May 17, 1935.

In the matter of the estate of Emlitta King Lucas.
Charles L. Lyon presented his claim for payment
of a promissory note. From denial of claim in pro-
bate court, claimant appealed to circuit court. Grace
B. Thompson, ancillary administratrix of the estate

of Charles L. Lyon, substituted as party claimant for Charles L. Lyon. Judgment for defendant. Claimant appeals. Affirmed.

*Wiley, Streeter, Smith & Ford,* for appellant.

*J. Gilbert Quail,* for appellee.

WIEST, J. In February, 1931, DeWitt B. Lucas and Emlitta King Lucas, husband and wife, residents of Birmingham, this State, vendee purchasers of certain premises in Bloomfield township, Oakland county, upon which they were erecting an expensive residence, found themselves without financial means to meet construction expenses and avoid mechanics' liens and had immediate need of $4,500 for such purpose and, by correspondence, made their want known to, and solicited a loan for that amount and purpose from Charles L. Lyon, a long-time friend residing in Pittsburgh, Pennsylvania. Mr. Lyon acceded to the request for the loan and sent a draft, payable to Mr. Lucas, for the amount. Mr. and Mrs. Lucas indorsed the draft, received $500 in cash on it, and a credit of $4,000 in Mrs. Lucas' bank account. Mr. and Mrs. Lucas, at Birmingham, executed their note for the sum borrowed, payable to "Charles L. Lyon, 614 Bessemer building, Pittsburgh, Pennsylvania, or order," and also stated therein:

"This principal sum and accruing interest, is acknowledged to be a first claim against our estates, in the event of the decease of one or both borrowers, within the specified time."

The note was mailed at Birmingham to Mr. Lyon at Pittsburgh, and was never paid. Mr. Lucas is living but Mrs. Lucas is dead, and Mr. Lyon presented the obligation as a claim against her estate. It was

disallowed in the probate court as against the estate of the deceased, but allowed against property held by Mr. and Mrs. Lucas by the entireties. The probate court commissioners evidently had in mind 3 Comp. Laws 1929, § 13062 *et seq.*

An appeal to the circuit court was taken by Mr. Lyon and, upon his death, was prosecuted by the ancillary administratrix of his estate.

The circuit judge found the note to be a Michigan contract and the estate of Mrs. Lucas not liable thereon, because it was executed by Mrs. Lucas and her husband for the benefit of property owned by entirety, and, therefore, apart from her separate estate, and entered judgment against the claim.

Upon appeal counsel for plaintiff contend that the note was a Pennsylvania contract; that recovery thereon is governed and permitted by the law of that State, and it is not a contract governed by the Michigan law of coverture but, even if a Michigan contract, the facts remove the obligation from the law of coverture, regardless of the mentioned statutory remedy.

The loan was solicited by residents of Michigan, received here by the borrowers, the note was signed here and mailed here to the payee, and it was not payable elsewhere by its terms. It set forth the address of the payee, but that only served for identification purposes and not to fix the place of payment. *Strawberry Point Bank* v. *Lee,* 117 Mich. 122.

The evidence did not remove the case from the rule that: "If no place of payment is named in a note, it is presumed to be payable at the place of residence of the maker." 3 R. C. L. p. 911. See, also, *Strawberry Point Bank* v. *Lee, supra.*

This rule, of course, contemplates delivery for such is essential to consummation.

The parties were at a distance from each other, all their negotiations had been carried on by mail, and delivery was effectual, in this instance, upon the deposit of the note in the mail for it was so accepted and it was received by the payee.

As well stated in *Barrett* v. *Dodge,* 16 R. I. 740, 743 (19 Atl. 530, 27 Am. St. Rep. 777):

"In the absence of instruction to the maker as to the mode by which he should return them (notes) when signed, the payees must have contemplated that the maker would return them by the natural and ordinary mode of transmitting such obligations, and must be deemed to have authorized him to so return them. The natural and ordinary mode of transmitting them was by mail, the mode adopted by the maker. In such cases the postoffice may be regarded as the common agent of both parties; of the maker for the purpose of transmitting the note, of the payee for the purpose of receiving it from the maker. By depositing the note in the mail with the intent that it shall be transmitted to the payee in the usual way, the maker parts with his dominion and control over it, and the delivery is in legal contemplation complete."

See, also, *Burr* v. *Beckler,* 264 Ill. 230 (106 N. E. 206, L. R. A. 1916 A, 1049, Ann. Cas. 1915 D, 1132); *Trego* v. *Estate of Cunningham,* 267 Ill. 367 (108 N. E. 350); *McIntire* v. *Raskin,* 173 Ga. 746 (161 S. E. 363).

The note was a Michigan contract, delivered in this State, payable here, and liability thereon is governed by the law of Michigan.

The fact that the money was deposited in the bank account of Mrs. Lucas did not, in and of itself, make the joint borrowing relate to her separate estate, and counsel for plaintiff are in error in con-

tending that proof of such deposit shifted the burden to the defendant to trace subsequent expenditure thereof to the purpose for which it was expressly obtained.

Counsel for plaintiff cite and quote from *Greening* v. *Wallace*, 257 Mich. 343. Language there found must not be removed from its setting. The issue there was governed by 3 Comp. Laws 1929, § 13062 *et seq.*, which carves a limited exception out of the rule of coverture, and the language employed was with reference to the accomplishment of the purpose of that statute and not at all applicable to the general rule relative to coverture. Plaintiff does not seek remedy under that statute but on the personal liability of Mrs. Lucas, which must then be as at common law if on a Michigan contract.

The purpose of the mentioned statute is stated in its title as follows:

"An act abrogating the common-law disability of married women so far as to make and render them competent to bind themselves and become liable with their husbands upon any written instrument, so as to subject the real estate of the husband and wife owned by them as tenants by entirety, or the real estate acquired by either as survivor of the other, * * * and all personal property and choses in action owned by them jointly with right of survivorship therein, to the payment and satisfaction of judgments and decrees of courts rendered upon such written instruments and providing for the enforcement of such liabilities, and to repeal all acts or parts of acts contravening the provisions of this act."

That statute is a recognition of the common-law rule of coverture and only removes certain contracts therefrom and affords but a limited remedy.

A married woman in this State is not personally liable for the payment of a note executed by herself and her husband for the benefit of property owned or held by them by the entireties. *Doane* v. *Feather's Estate,* 119 Mich. 691; *Jarzembinski* v. *Plodowski,* 225 Mich. 104; *Duncan* v. *Kirker,* 252 Mich. 353. Plaintiff has no remedy against the estate of Mrs. Lucas.

The judgment is affirmed, with costs to defendant.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.