# DECEMBER, 1948

### E. W. Faulk et ux v. J. S. Futh et ux.

No. A-1729. Decided November 3, 1948.
Rehearing overruled December 1, 1948.
(214 S. W., 2d Series, 614.)

254

*Maynard F. Robinson*, of San Antonio, for petitioners.

The Court of Civil Appeals erred in holding that because two installments on the note were due that respondents had the right to accelerate and mature the whole note, and having done so to sell the collateral security, since it appears the note was payable in Bexar County and respondents made no presentation for payment in Bexar County before accelerating the maturity of the note. Parker v. Mazur, 13 S. W. (2d) 175; Moore v. Kenmeyer, 271 S. W. 653; Crumley v. Ramsey, 93 S. W. (2d) 191.

*Heck & Street, Carl Wright Johnson* and *Nat L. Hardy*, of San Antonio, for respondents.

There being no specific place designated for payment, presentment for payment may be made at any place. If no objection is offered at the time, it may even be made in the street. Parker

v. Kellog, 32 N. E. 1038; Freudenberg v. Lucas, 38 Calif. App. 95, 175 Pac. 482; Porter v. East Jordan Realty Co., 210 Mich. 398, 177 N. W. 987.

*Phinney, Romick & Hallman, Carl L. Phinney* and *Leroy Hallman,* of Dallas, for intervenor, R. T. Herrin.

MR. JUSTICE SHARP delivered the opinion of the Court.

E. W. Faulk and wife, Olivia Faulk, filed suit against J. S. Futch and wife, Thelma R. Futch, to enjoin them from attempting to interfere with the operation of a common carrier motor freight line by taking physical possession of its operation, equipment, and physical properties. A temporary injunction was issued by the trial court. Defendants filed general and special answers, and also filed a cross-action against the plaintiffs for the balance alleged to be due upon a promissory note in the principal sum of $33,000.00, dated June 14, 1946, and signed by plaintiffs. R. T. Herrin, who was the owner of 49% of the capital stock of Airline Freight Line, Inc., intervened in the case, and asked that a receiver for the freight line be appointed.

The trial was to the court without a jury, and the court entered judgment as follows:

1. That E. W. Faulk and Olivia Faulk, plaintiffs and cross-defendants, take nothing by reason of their suit for injunction, and that the temporary injunction therefore issued be dissolved.

2. That J. S. Futch and Thelma R. Futch, cross-plaintiffs, recover from the cross-defendants, E. W. Faulk and Olivia Faulk, all right, title and interest accruing to them by reason of the ownership acquired by virtue of a sale of certain stock to the cross-plaintiffs for the sum of $15,000.00, paid by a credit upon an indebtedness and under the terms of a valid pledge agreement, which sale was made thereunder on February 28, 1947, in Bexar County; and all other relief prayed for by cross-plaintiffs was denied, including cross-plaintiffs' prayer for a deficiency judgment.

3. That the receivership prayed for by intevenor be granted.

The case was appealed to the Court of Civil Appeals at San Antonio, and that court, based upon the findings of fact by the trial court, reformed and affirmed the judgment of the trial court as follows: "The judgment will be reformed so as to allow

appellees recovery for all sums due on the $33,000.00 note, after deducting the amount of payments made and the credit of $15,000.00 allowed for the sale of the pledged stock and, as thus reformed, it will be affirmed. Costs to be taxed against appellants." 209 S. W. (2d) 1008.

The dominant question presented by this case is whether J. S. Futch and Telma R. Futch were authorized to accelerate the maturity date of the installment note signed by E. W. Faulk and Olivia Faulk and held by them, and declare the entire amount of the principal due and payable. The opinion of the Court of Civil Appeals sets out in detail the facts introduced in evidence, and reference is made to that opinion for such facts. Only the essential facts will be mentioned in this opinion.

On June 14, 1946, E. W. Faulk and wife, Olivia Faulk, purchased from J. S. Futch and wife 51% of the stock of Airline Freight Line, Inc., and five shares of the capital stock of H. & A. Truck Lines, Inc. The petitioners gave a note payable to J. S. Futch and Telma R. Futch, in the principal sum of $33,-000.00, secured by a pledge of the above stock. The note was payable as follows: $1,000.00 on September 14, 1946, and $250.00 in monthly installments, the first of which was due and payable on the 14th day of each succeeding month, for a period of fifteen years. The note further provided that, "in the event of any default is made in the payment of any installment of principal or interest hereon, or any part thereof, when due, such default shall, at the opinion of the holder, at once mature the whole of this note." The note was secured by the pledge of 51% of the stock of Airline Freight Line, Inc., and five shares of stock in H. & A. Truck Lines, Inc. The pledge agreement provided: "In the event of any default in the payment of principal and interest, or any part thereof, when due on said note for $33,000.00, hereinabove described, the holder, or holders, is authorized and empowered, without either demand, advertisement or notice of any kind, to sell at public or private sale, the security then held by said holder, or holders in pledge hereunder, and deliver same to the purchaser or purchasers thereof, and to receive the proceeeds of sale. Said holder, or holders, to have the same right to purchase at said sale as a stranger."

The note was payable in San Antonio, Bexar County, Texas, but no specific place was given at which payment could be made. Respondents resided in Seguin, Guadalupe County, Texas, and did not maintain a place of business in Bexar County. Therefore the note was payable at Faulk's place of business in San Antonio, Bexar County, Texas. Parker v. Mazur, Tex. Civ. App.,

13 S. W. (2d) 174; Griffin v. Reilly, Tex. Civ. App., 275 S. W. 242; Bardsley v. Washington Mill Co., 54 Wash. 553, 103 P. 822, 132 Am. St. Rep. 1133; Beckham v. Scott, Tex. Civ. App., 142 S. W. 80; Art. 5937, sec. 73, par. 3, Vernon's Ann. Civ. Stat. Furthermore, the rule is well established that, "Where the acceleration clause in a promissory note leaves it optional with the holder whether he shall declare the whole amount due upon failure to pay any installment of principal or interest, such holder cannot without presentment for payment, exercise his option to declare the whole amount due, if no specific place of payment is expressed in the note, until it has been presented to the payer at the latter's known place of business." Griffin v. Reilly, Tex. Civ. App., 275 S. W. 242, 248; Bardsley v. Washington Mill Co., 54 Wash. 553, 103 P. 822, 132 Am. St. Rep. 1133; Beckham v. Scott, Tex. Civ. App., 142 S. W. 80; Parkere v. Mazur, Tex. Civ. App., 13 S. W. (2d) 174; Ladd v. Anderson, Tex. Civ. App., 89 S. W. (2d) 1041; Curtis v. Speck, Tex. Civ. App., 130 S. W. (2d) 248.

It is further shown that respondents had trouble in collecting the installments due on the note; that Futch called three or four times before the installment due on September 14, 1946, was paid on September 25, 1946. It is also shown that they had trouble in collecting each and every payment that was made. On January 15, 1947, with two payments due, respondents sought to collect both payments, but on account of excuses made by Faulk only one payment was made. On February 14, 1947, with two payments due, Futch called on Faulk at his place of business in San Antonio and demanded both payments, but was unable to collect either. On February 15, 1947, respondents' attorney wrote a letter notifying petitioners of the acceleration of the unpaid payments on the note, and demanded payment of the entire note. It is shown that this letter was mailed at San Antonio, Texas, and that it should have been received in the ordinary course of mail prior to the time that Faulk mailed a letter at 7:00 p. m. on February 17, 1947, to Futch containing a check for one payment. Thus it is shown that Futch had a constant struggle with Faulk for several months in attempting to collect the installments due. Under this state of facts respondents concluded that the condition of the company was growing worse, and if they did not act promptly they would likely lose their entire debt.

The liability of an endorser is not involved here. Article 5937, section 70, provides: "Presentment for payment is not necessary in order to charge the person primarily liable on the instrument; * * *." Article 5937, section 74, provides: "The

instrument must be exhibited to the person from whom payment is demanded, and when it is paid must be delivered up to the party paying it."

The evidence shows that on February 14, 1947, the installment due January 14, 1947, and the installment due February 14, 1947, where due and unpaid. Respondent Futch testified that he called on that day at the place of business of petitioner Faulk and that he demanded payment of both the January and the February installments, and that petitioner Faulk told him he did not have the money and could not make payment. Faulk, on the other hand, testified that Futch did not demand payment, but told him that he did not need the money, and when he did he would come by and get the check; and that he was ready, able, and willing at all times to make payment.

Respondent owned the note at the time demand was made of petitioners for payment thereof, but petitioners had the right for their protection to demand the presentment of the note before the installments were paid. The testimony does not show that petitioners failed to pay the installments due on the note on the ground that respondents did not present the note at that time, but Faulk made the statement, according to the testimony of Fuch, that they were unable to pay the installments due. The petitioners had the right to demand the presentment of the note when payment of same was demanded by respondents, as provided for under Article 5937, Section 74, supra, and they could also waive their right to have the note actually exhibited. Freudenberg v. Lucas, 38 Cal. App. 95, 175 P. 482; Greenstein v. Kucharski, 107 Conn. 269, 140 A. 482; Porter v. East Jordan Realty Co., 210 Mich. 398, 177 N. W. 987, 11 A. L. R. 963; Hodges v. Blaylock, 82 Oregon 179, 161 Pac. 396; Waring v. Betts, 90 Va. 46, 44 Am. St. Rep. 890, 17 S. E. 739.

■ The trial judge found that respondents had made proper presentment to the petitioners for the payment of the installments due on the note, and the failure to pay such installments authorities respondents to accelerate the maturity of the note.

■ The testimony is conflicting. The trial court heard the witnesses and found that the facts were against petitioners on all matters alleged in their petition, and found in effect that demand for payment of the delinquent installments was made in San Antonio, Texas, before the maturity of the note was accelerated, and that respondents were authorized to exercise their option of accelerating the maturity of the note and to sell the collateral security. If petitioners were not satisfied with the findings of

the trial court, they had the right to request further findings. They did not do this. The Court of Civil Appeals sustained the judgment of the trial court based on those findings. Therefore, unless this Court can say that there was no evidence of presentment for payment at Faulk's place of business in San Antonio, the judgments of the two lower courts should be affirmed. Gulf Production Co. v. Continental Oil Co., 139 Texas 183, 164 S. W. (2d) 488; Underwood v. Security Life & Annuity Co., 108 Tex. 381, 194 S. W. 585; Monkey Grip Rubber Co. v. Walton, 122 Texas 185, 53 S. W. (2d) 770; Barrington v. Duncan, 140 Texas 510, 169 S. W. (2d) 462.

■ Petitioners contend that the Court of Civil Appeals erred in holding that the trial court properly granted the receivership prayed for by intervenor. Upon this point we quote from the opinion of Mr. Justice Murray, who wrote the opinion of the Court of Civil Appeals, as follows:

"The trial court properly granted the receivership prayed for by intervenor. There was evidence to show that the Freight Line was not being properly managed and lost money every month except one, under appellant's management, that a large number of checks were being held without payment, due to the fact that the company did not have sufficient funds on hand to pay them. Appellant E. W. Faulk was being paid a salary of $500.00 per month, although he was holding a full time job with Alamo Iron Works. When these facts are considered, along with the fact that appellants and appellees were having a controversy as to the ownership of 51% of the capital stock of the company, and as to who were the duly elected officers and manager of the company, the trial court had grounds to find there was a necessity for the appointment of a receiver."

The trial court, under the facts presented, was authorized to appoint a receiver as prayed for. Article 2293, Vernon's Ann. Civ. Stats. A receiver acts as an officer of the court, and his duty is to protect the interests of all, pending the litigation. Security Trust Co. v. Lipscomb County, 142 Texas 572, 180 S. W. (2d) 151. We find no abuse of authority in the appointment of a receiver in this case.

We have carefully reviewed the record, and conclude that the Court of Civil Appeals correctly decided the issues involved in this case. Therefore the judgment of the Court of Civil Appeals is affirmed.

Opinion delivered November 3, 1948.

Rehearing overruled December 1, 1948.