## GRIFFITH v. GRIFFITH.

No. 2955.

Court of Civil Appeals of Texas. Eastland.

Oct. 24, 1952.

Rehearing Denied Nov. 7, 1952.

518

Billingsley & Bullington, Munday, for appellant.

Brookreson & Brookreson, Seymour, for appellee.

## GRISSOM, Chief Justice.

On February 2, 1952, Wilma Dean Griffith sued Lloyd G. Griffith on a promissory note executed by defendant and payable to plaintiff at Benjamin, in Knox County, Texas. The note was for $15,000 principal, payable in two annual installments of $7,500, the first installment being due February 1, 1952, and the second February 1, 1953, bearing 6% interest payable annually, and providing for ten percent attorney's fees if placed in the hands of an attorney for collection. She also sued to foreclose a deed of trust lien securing same. The note contained an optional acceleration clause, applicable upon failure to pay any installment of principal or interest when due. The first installment not having been paid when it became due, on February 1, 1952, plaintiff, on February 2, 1952, placed said note in the hands of her attorneys and instructed them to file suit to collect both installments of principal, plus interest and attorney's fees on the whole amount of the note and to foreclose the deed of trust lien, which was promptly done. Judgment was rendered for both

installments of principal, for interest, for attorney's fees on said total sum and for foreclosure. Lloyd G. Griffith has appealed.

It is undisputed that on or after February 1, 1952, the day the first installment was due and unpaid, plaintiff did not present the note to defendant and demand payment of the installment then due. Under the facts, it was a prerequisite to the right to exercise the option to declare the second installment due that plaintiff, after the default, present the note and demand payment of the installment due. Faulk v. Futch, Tex.Civ.App., 209 S.W.2d 1008, 1010, affirmed 147 Tex. 253, 214 S.W.2d 614, 616; 5 A.L.R.2d 963; Brown v. Hewitt, 143 S.W.2d 223, 227 (W.R.); Beckham v. Scott, Tex.Civ.App., 142 S.W. 80, 83; Parker v. Mazur, Tex.Civ.App., 13 S.W.2d 174, 175 (Writ Dis.); Bischoff v. Rearick, Tex.Civ.App., 232 S.W.2d 174, 176 (R.N.R.E.); Griffin v. Reilly, Tex.Civ. App., 275 S.W. 242, 248.

We think the correct rule is stated in 5 A.L.R.2d 977, Sec. 6, as follows:

"Presentment and demand for payment are not necessary in order to charge the maker or acceptor of a negotiable instrument generally; the holder may nevertheless maintain an action thereon. The situation, however, is different where the holder of a negotiable instrument containing an optional acceleration clause wants to exercise his option. He must as a condition precedent to the exercise of his option present the instrument and make formal demand upon the payor to pay the installment due."

We conclude there was error in that part of the judgment sustaining the acceleration of the maturity of the second installment of the note, allowing recovery of attorney's fees thereon and foreclosing the deed of trust lien and ordering the land sold for payment of the entire note and additional attorney's fees.

The judgment is reversed and the cause remanded.