**T. C. JERNIGAN, Appellant,**

v.

**J. Frank O'BRIEN, Appellee.**

No. 10476.

Court of Civil Appeals of Texas.

Austin.

May 8, 1957.

W. H. Lipscomb, of San Angelo, for appellant.

Stovall & Gibbs, of San Angelo, for appellee.

HUGHES, Justice.

This suit was brought by appellee, J. Frank O'Brien, against T. C. Jernigan, appellant, to recover the balance due on a promissory note executed by Mr. Jernigan together with interest, attorney's fees and costs.

In a nonjury trial judgment as prayed for was rendered against appellant.

The note sued on was payable in installments and it and the deed of trust securing it contained optional acceleration of maturity clauses and appellant's points of error relate to the failure of appellee to demand payment of the delinquent installments and taxes due on the property before declaring the entire note due and before instituting this suit.

We quote from the note:

"After date, for value received, I promise to, pay to the order of Howard

L. Moore, at San Angelo, Texas, the sum of two thousand (2,000) dollars, with interest thereon from date until paid, at the rate of six per cent. per annum, as follows: in monthly installments of forty (40) dollars per month, which amounts shall include the interest, up to the dates of payment, upon the entire balance of the principal and interest, if any, owing on this note up to the dates of such payment. In the event default shall be made in the payment of any three successive monthly installments, the entire amount of this note shall, at the option of the owner hereof, become due and payable."

We quote from the deed of trust:

"But in case of default or failure to make prompt payment of said indebtedness, or any part thereof, principal or interest, as the same shall become due and payable, or failure to observe and keep any of the covenants hereof by the grantors herein, then and in that event the whole of the principal of the debt secured hereby may, at the option of the holder, be declared due * * *"

One of the covenants in the deed of trust required the payment of all ad valorem taxes assessed against the property.

Appellee alleged that default had been made in more than six of the last installments becoming due on the note, that certain ad valorem taxes were delinquent and that he had declared the entire amount of principal and interest due on the note "immediately due and payable," the amount due alleged to be $995.39.

Appellant excepted to this pleading on the grounds (1) failure to allege demand for the payment of any past due installment or any delinquent taxes before accelerating maturity of the note (2) failure to allege prior demand for payment of past due installments without reference to demand for payment of the note in full.

These exceptions were overruled.

Appellant answered by pleading the substance of his exceptions.

The proof shows that no demand prior to the institution of suit was made of appellant for payment of the note or any part of it or delinquent taxes except as disclosed by the following portion of a letter dated January 18, 1956, from appellee's attorneys to appellant:

"Due to the fact that you have not been making your payments on the Howard L. Moore note now held by Mr. J. Frank O'Brien, he has declared the entire note due and placed same in our hands for collection. Mrs. McKenzie at the exchange window in the San Angelo National Bank states that you have not made a payment since July 27 of last year. You had skipped payments before that, and you are about one year behind at this time.

"The unpaid balance of principal on the note is $952.55 and interest runs from August 10. This makes total of principal and interest $976.35 plus ten percent makes total due at this time $1,074.00. Upon instructions from Mr. O'Brien, request is hereby made for payment of said amount of $1,074.00.

"If you care to pay off such balance, please do so before the first of next month by making such payment to the writer."

We believe there was error in the judgment. We quote from Curtis v. Speck, Tex.Civ.App., Galveston, 130 S.W.2d 348, 351, writ refused:

"It is further held that the intention to accelerate maturity must be evidenced by clear and unequivocal acts followed by affirmative action towards enforcing the declared intention; City National Bank of Corpus Christi v. Pope, Tex.Civ.App., 260 S.W. 903; and that formal demand must be made for any installment on a debt before the debt can be declared due; Beckham v.

Scott, Tex.Civ.App., 142 S.W. 80; Parker v. Mazur, Tex.Civ.App., 13 S.W.2d 174."

The same ruling was made by the same court in Brown v. Hewitt, 143 S.W.2d 223, writ refused, the court relying principally upon the case of Parker v. Mazur, Tex.Civ. App., 13 S.W.2d 174, 175, writ dismissed, by the San Antonio Court from which we quote:

"The clause as to the maturity of the whole debt was not positive and self-executing, but depended for its vitality upon the will and desire of the owner and holder of the notes, and equity would demand notice of such will and desire before demand should be made for the payment of the entire debt."

To the same effect is Bischoff v. Rearick, Tex.Civ.App., El Paso, 232 S.W.2d 174, 176, writ refused, N.R.E., from which we quote:

"It seems now to be the established law and approved by the Supreme Court that before the accelerated pro-vision may be resorted to and the whole debt matured demand must first be made for any installment due on the debt and an opportunity given to pay the installment before the acceleration of the entire debt for failure to pay such installment."

The latest ruling on the question which we have found is in Griffith v. Griffith, Tex. Civ.App., Eastland, 252 S.W.2d 517, 518, writ refused, N.R.E., from which we quote:

"It is undisputed that on or after February 1, 1952, the day the first installment was due and unpaid, plain-tiff did not present the note to defend-ant and demand payment of the install-ment then due. Under the facts, it was a prerequisite to the right to exercise the option to declare the second in-stallment due that plaintiff, after the default, present the note and demand payment of the installment due. * * *

"We think the correct rule is stated in 5 A.L.R.2d 977, Sec. 6, as follows:

" 'Presentment and demand for pay-ment are not necessary in order to charge the maker or acceptor of a negotiable instrument generally; the holder may nevertheless maintain an action thereon. The situation, how-ever, is different where the holder of a negotiable instrument containing an optional acceleration clause wants to exercise his option. He must as a con-dition precedent to the exercise of his option present the instrument and make formal demand upon the payor to pay the installment due.' "

Faulk v. Futch, 147 Tex. 253, 214 S.W.2d 614, 5 A.L.R.2d 963, cites approvingly Parker v. Mazur and Curtis v. Speck, supra, and as we understand it, supports our de-cision here.

Appellee relies upon Chandler v. Guar-anty Mortgage Co., Tex.Civ.App., San Antonio, 89 S.W.2d 250, 251, no writ his-tory. Since this case did not reach the Supreme Court we will not discuss it except to point out that the note there involved was payable at a specific place in Galves-ton County; also that the court "harmo-nized"[1] its holding with its previous opin-ion in Parker v. Mazur, supra.

Appellee leans heavily upon the case of Natali v. Witthaus, 134 Tex. 513, 135 S.W. 2d 969, 977, regarding the right to accelerate maturity of the note for failure to pay taxes quoting this language therefrom:

"We overrule the assignments of er-ror which present the contention that there was no effective acceleration of maturity of the note on account of the absence of evidence showing notice to the mortgagors of the exercise of the option and presentment of the note to them after its maturity was accel-erated."

The facts in that case were that there was no default in the payment of the note

---

1. Shepard's Citator analysis.

**518**

but delinquent taxes for the years 1923–27 were allowed to accumulate. On account of this delinquency the note was declared due and sale under the deed of trust was made. The court expressly found that:

"* * * as early as March, 1927 and several times thereafter the Land Bank requested Hathaway to pay the delinquent taxes for the years 1923 to 1927, and notified him at said times that unless he paid the taxes the bank would accelerate the maturity of the note and foreclose the deed of trust under the power of sale, and that Hathaway, although recognizing his liability therefor, failed to pay the taxes or any part of them."

This is the character of notice which we believe the law requires.

Other cases cited by appellee on this feature of the case are Weierhauser v. Bennett, Tex.Civ.App., San Antonio, 19 S.W.2d 572, no writ history, and Bankers Life Co. v. Miller, Tex.Civ.App., Waco, 68 S.W.2d 574, writ refused.

In the first case the point was apparently not raised as the court did not discuss whether prior notice was required in order to exercise the option to accelerate maturity of the note involved.

This is also true in Bankers Life. Additionally in that case we note that both the note and deed of trust provided that acceleration of maturity of the note could be made "without notice" in the event of any default.

It is our opinion that appellant's exceptions were well taken and should have been sustained. This error is reversible since the evidence shows no amendment to meet the exceptions could have been made. We reverse and remand this case in order that appellee may amend his pleadings after performing acts sufficient to meet the substance of appellant's exceptions if he chooses to do so. Rule 62, Texas Rules of Civil Procedure; Phipps v. Reed, Tex.Civ. App., Eastland, 219 S.W.2d 561.

Reversed and Remanded.