Noble **HOLT**, Appellant,

v.

E. G. **HENRICHSON**, Appellee.

No. 13465.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 30, 1959.

Rehearing Denied Feb. 2, 1959.

Elbert R. Jandt, Seguin, for appellant.

Henrichson & Bates, Edinburg, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Noble Holt in the District Court of Hidalgo County, Texas, against E. G. Henrichson, as trustee in a certain deed of trust given by Holt to the Southwest Theatres, Inc., securing the payment of a certain promissory note, signed by Holt, in the principal sum of $100,000, seeking the issuance of a writ of injunction to prevent E. G. Henrichson as such trustee from selling at trustee's

sale on the first Tuesday in January, 1959, the three tracts of land located in the City of Edinburg, Hidalgo County, Texas, and fully described in the deed of trust. E. G. Henrichson was also attorney for Dr. C. A. Richter, the president of Southwest Theatres, Inc. After a hearing, the trial court denied Holt the injunction prayed for, and he has appealed to this Court.

The facts show that the $100,000 note, secured by a deed of trust lien on the three tracts of land in Edinburg, Texas, upon which three theatres stood, was payable in monthly installments of $1,110.25 each. This note was also secured by vendor's lien retained in the conveyance of the property to Noble Holt, and contained the following waiver clause:

"Each Maker, Surety and Endorser waives Notice, Presentment for Payment and Protest, and agrees and consents that this note may be renewed, or the time of payment extended, without notice, and without releasing any of the parties."

The three theatres were conveyed to Holt on or about February 20, 1957, and he made the installment payments each month until the installment which became due on November 1, 1958. There had been some delay in making these payments, and some dissatisfaction expressed by the owner of the note, but, nevertheless, the monthly installments had been accepted. The three theatres were going concerns when conveyed to appellant, Holt. On October 25, 1958, appellant closed down and ceased to operate the theatres, locking the doors and leaving them unattended. The holder of the $100,000 note, through its attorney Henrichson, notified appellant by a letter sent by Certified Mail of the United States, that Dr. C. A. Richter, President of Southwest Theatres, Inc., was very much dissatisfied with his closing of the theatres and telling him what to expect in the future. The letter read as follows:

"October 29, 1958

"Certified Mail

"Return Receipt Requested

"Restricted Delivery

"Mr. Noble Holt

"% Citrus Theatre

"Edinburg, Texas

"Dear Mr. Holt:

"Dr. C. A. Richter has called me and advised me that he has received information that the Edinburg theaters have been closed and are not in operation. This causes Dr. Richter some concern from the standpoint of waste, deterioration and possible loss of future business, and since Southwest Theatres, Inc., is the mortgagee, Dr. Richter has considerable stake in the future operations of the theaters.

"He has advised me to notify you that in the future, as of this date, so long as the theaters are not in operation, that he will, as such mortgagee, hold you strictly to the terms of the deed of trust, that is:

"1. That all payments be made promptly to him on their due date.

"2. That all insurance premiums be paid and that adequate insurance be in his hands at all times.

"3. That the taxes of said properties be paid before they become delinquent.

"This letter is written in compliance with Dr. Richter's telephone request so that you will be fully advised of his stand on the matter.

"Very truly yours,

"Henrichson & Bates

"By: /s/ E. G. Henrichson"

There was no tender of the installment due on November 1, 1958, until November 7th, when a check was mailed by appellant to the holder of the note. This check was not accepted. The record shows that on

November 3, 4 and 5, 1958, Dr. Richter and his attorney Henrichson undertook to communicate with appellant by going to his last known place of business and making inquiry as to his whereabouts. They were unable to locate him in Edinburg or in Hidalgo County. He had left the county and did not return thereto until about November 7, 1958. When the holder of the note and its attorney were unable to locate appellant they accelerated the due date and declared the entire balance of the note, including attorney's fees, due and payable, and posted notices for trustee's sale of the property for the first Tuesday in December, 1958. After this was done negotiations were entered into and it was agreed not to sell the property on December 2, 1958, but the agreement was not carried out and the property was again posted for sale on January 6, 1959. This suit was instituted for the purpose of enjoining the sale on that date. The appeal is from an order of the district court refusing to enjoin the January sale. This Court, on appellant's petition filed in Cause No. 13461, styled Noble Holt v. E. G. Henrichson, granted a temporary injunction restraining appellee from making the trustee's sale pending the appeal.

The controlling question here is whether or not appellant was entitled to have the note presented to him for payment before the holder thereof could declare the entire amount of principal, interest and attorney's fees due thereon, or whether or not appellant had waived his right to presentment by absenting himself from Hidalgo County and making it impossible for the holder of the note to locate him after diligent search. The question presented is disposed of by the Negotiable Instruments Act, Arts. 5932 to 5948, Title 98, Vernon's Ann.Civ.Stats. Article 5937, Section 70, provides, among other things, that presentment for payment is not necessary in order to charge the person primarily liable on the instrument. Section 82

of this same Article provides: "Presentment for payment is dispensed with: 1. Where after the exercise of reasonable diligence presentment as required by this Act cannot be made; * * * 3. By waiver of presentment, express or implied."

It has been held that presentment for payment is necessary before an installment note which is payable at no particular place in the county can have its due date accelerated and have the entire amount of principal, interest and attorney's fees declared due. Faulk v. Futch, 147 Tex. 253, 214 S.W.2d 614, 5 A.L.R.2d 973.

However, the payor of a note may waive his right of presentment by leaving his place of business and making it impossible for the payee to locate him, after a reasonable search. Graham & Locke Investments, Inc. v. Madison, Tex.Civ.App., 295 S.W.2d 234.

The holder of the note and its attorney did all that was required of them with reference to the presentment of the note when they searched three days for appellant and were unable to find him or any word concerning his whereabouts, and thereafter they had a legal right to declare the entire amount of principal, interest and attorney's fees, provided for in the note, due and payable, and to exercise the power of sale given to the trustee in the deed of trust. The trial judge refused to grant the temporary injunction prayed for, and in doing so he necessarily made all favorable findings of fact in support of his judgment which were warranted by the evidence.

The judgment of the trial court denying the temporary injunction will be in all things affirmed.

The temporary injunction granted by this Court in Cause No. 13461 is hereby dissolved, set aside and held for naught.