**BUSINESS AIRCRAFT CORPORATION,**
Appellant,

v.

**ELECTRONIC COMMUNICATIONS, INC.,**
Appellee.

No. 14380.

Court of Civil Appeals of Texas.

San Antonio.

April 28, 1965.

Rehearing Denied May 26, 1965.

Jack H. Kaufman, San Antonio, for appellant.

H. Maxwell Parker, San Antonio, for appellee.

MURRAY, Chief Justice.

This is a suit by Electronic Communications, Inc., the assignee of a non-negotiable promissory note, against Business Aircraft Corporation, the payor of the note. The note was payable in four equal annual installments, the first of which fell due on December 27, 1963, was not paid. Thereafter, on May 18, 1964, the holder of the note declared all four installments due, placed the note in the hands of an attorney, and suit was filed on May 20, 1964, for the full amount of principal, interest and attorney's fees provided for in the note.

The trial court granted plaintiff's third motion for a summary judgment for the full amount, as prayed for, and the defendant has prosecuted this appeal.

■ Appellant's first contention is that appellee could not legally accelerate the payment of the note and file suit without first presenting the note for payment and giving appellant a chance to pay the installment due. We do not agree. This note is not a negotiable note, and is not governed by the Uniform Negotiable Instruments Act, Arts. 5932–5948, inclusive, Vernon's Ann.Civ. Stats., but by the common law governing non-negotiable notes. 10 C.J.S. Bills and Notes §§ 24, 345, pp. 431, 847.

■ It is true that here the note was payable in San Antonio, Bexar County, Texas, at no particular place, and if it had been a negotiable note it would have been payable at the place of bsuiness of the payor, and presentment for payment there would have been required in the absence of a waiver, before there would have been any default, Faulk v. Futch, 147 Tex. 253, 214 S.W.2d 614 (1948); 5 A.L.R.2d 963, but, being a non-negotiable note, containing no provision for a presentment or demand for payment, no such presentment or demand was required. McDougall v. Hazelton Tripod-Boiler Co., 6 Cir., 88 F. 217; 8 C.J. 528.

The first installment fell due on December 27, 1963, and suit was not filed until May 20, 1964. In the absence of proof to the contrary, it will be presumed that during this period of over four months appellant was given ample opportunity to pay this past due installment. McDougall v. Hazelton Tripod-Boiler Co., supra.

■ This being a non-negotiable note, it is governed by the law of contracts and, under the facts here, it was the duty of the payor to fulfill his contract to the holder of the note to pay this first installment in some way. 10 C.J.S. Bills and Notes § 24, page 431.

■ However, the appellant would be permitted to show as a matter of defense that he had sufficient funds on hand, and had been ready and willing to pay this first installment on its due date, and every day since, but was prevented from doing so by the conduct of the payee. The proof of the above facts would show, in effect, a continuous tender of payment of the full amount, and therefore the payor would not be in default, but the burden would be upon him to show these things as a matter of defense. 8 C.J., Bills and Notes, § 741, p. 527; 10 C.J.S. Bills and Notes § 345, p. 848.

■ Here the only showing made by appellant is that on August 24, 1964, more than seven months after the due date of the installment and some two months after suit had been filed, it tendered the amount of the installment into court. This tender came too late, and appellee had a right to refuse it.

Appellant has not shown itself entitled to any equitable relief. It tries to bring itself within the holding of such cases as Parker v. Mazur, Tex.Civ.App., 13 S.W.2d 174. In the Parker case there was a negotiable note with a waiver of the necessity of presentment of payment, but Mazur was able to show that the day the note came due he had the money ready to make payment, but payee did not ask for payment, and without any notice, almost immediately, accelerated the due date of the series of notes and sought foreclosure. Mazur act-

ed promptly and came into court, established that the holder had acted harshly, and that as a matter of equity he should be permitted to pay the amount due. Justice Fly there held that Mazur had equity on his side and should not, as a matter of equity, be treated as the payee of the note was attempting to treat him. Appellant here has not plead nor offered to prove any such facts as were established by Mazur.

 Here we have a non-negotiable note, with no provisions for demand for payment, and it had been past due for more than four months before the note was placed in the hands of an attorney. After suit was filed, appellant waited more than two months before making any tender of the amount due. Under the circumstances, appellant did not show itself entitled to any equitable relief, and the trial court properly granted the summary judgment.

The judgment of the trial court is affirmed.