**William Burke REYNOLDS et al., Appellants,**

**v.**

**Bette Reynolds SKINNER et vir, Appellees.**

**No. 4407.**

Court of Civil Appeals of Texas.

Waco.

Sept. 9, 1965.

Rehearing Denied Oct. 7, 1965.

Lee Mahoney, Mahoney, Shaffer & Hatch, Corpus Christi, for appellants.

James R. Sorrell, Jr., Sorrell, Anderson, Porter & Stone, Corpus Christi, for appellees.

McDONALD, Chief Justice.

This is an appeal from a judgment for plaintiff on a note, attorneys' fees, and foreclosure of a mortgage lien securing such note.

Defendant Reynolds and plaintiff Skinner were formerly husband and wife. Just prior to their divorce in July, 1959 they entered into a property settlement agreement. In connection with such agreement defendant executed a note payable to plaintiff for $27,000, payable $273.38 on or before the first day of August, 1959, and $273.38 on or before the first day of each month thereafter. The note was payable in Corpus Christi, Nueces County, Texas, but no specific place was given at which payment could be made. The note provided for a lien on certain properties to secure its payment; *provided that failure to pay any installment*

*when due shall at the election of the holder of said note mature the said note, and same shall become at once due and payable and subject to foreclosure proceedings under the lien described;* and provided for reasonable attorneys' fees not to exceed 10% if the note be collected by suit.

Plaintiff's petition alleged that the defendant did not pay the installment due on November 1, 1963 and that plaintiff, on November 4, 1963 elected to accelerate the maturity of the note, and sought judgment for the matured unpaid balance of the note in the amount of $17,010.81, plus interest, plus $1750 attorneys' fees.

Defendant answered that he had regularly paid each monthly installment of $273.38 since August 1, 1959 prior to the November 1, 1963 installment, and that plaintiff had accepted same; that prior to any notice or demand by plaintiff that she had elected to mature the note, defendant had on November 4, 1963 mailed plaintiff the November 1, 1963 payment, which plaintiff refused to accept.

Trial was before the court without a jury which, after hearing, rendered judgment for plaintiff for $17,914.73; foreclosure of lien; and $1750 attorneys' fees. (The trial court credited the judgment with $4,374.08 paid into the registry of the court in $273.38 installments each month during the pendency of suit).

Defendant appeals, contending: the trial court erred in granting judgment because plaintiff did not have the right to accelerate maturity of the note: 1) without first notifying defendant and giving defendant an opportunity to pay such installment before accelerating maturity of the note; and 2) without presenting such note to defendant and demanding payment.

The record reflects that all monthly payments on the note prior to the November 1, 1963 payment were paid by defendant and accepted by plaintiff.

The record further reflects that defendant mailed the November 1st payment to plaintiff on November 4, 1963; that she received it on November 5, 1963; refused to accept it; and subsequently filed the instant case.

It is undisputed that plaintiff did not present the note to defendant for payment of the November 1, 1963 installment, or demand payment of the defendant of the November 1, 1963 installment after it became due before accelerating the note and filing suit.

■ The rule is, that where the holder of an installment note containing an optional acceleration clause, wants to exercise his option, he must as a condition precedent to the exercise of his option, present the note and make demand upon the payor to pay the installment due. Faulk v. Futch, 147 Tex. 253, 214 S.W.2d 614, 5 A.L.R.2d 963; Luczynski v. Sevier, Tex.Civ.App. (n. r. e.), 302 S.W.2d 474; Griffith v. Griffith, Tex.Civ.App. (n. r. e.), 252 S.W.2d 517; 5 A.L.R.2d 977; Jernigan v. O'Brien, Tex.Civ.App. (n. w. h.), 303 S.W.2d 515; Bischoff v. Rearick, Tex.Civ.App. (n. r. e.), 232 S.W.2d 174; Brown v. Hewitt, Tex.Civ. App., Er.Ref., 143 S.W.2d 223; Curtis v. Speck, Tex.Civ.App., Er.Ref., 130 S.W.2d 348.

■ Under the facts plaintiff was required to present the note and demand payment of the installment due before she could accelerate it.

Defendants' contentions are sustained.

Reversed and rendered.