Dan MILLER, Trustee, et al., Appellants,

v.

A–OK MOTEL, INC., Appellee.

No. 17517.

Court of Civil Appeals of Texas, Fort Worth.

June 21, 1974.

Rehearing Denied July 19, 1974.

Stark & Barnhart, Inc., and H. Mack Barnhart, Gainesville, for appellants.

Jack Connell, Bowie, for appellee.

## OPINION

LANGDON, Justice

This appeal is from an order granting a temporary injunction enjoining Dan Miller, Trustee, Gil Grady and Gil Grady & Associates, Inc., from proceeding with foreclosure under a Deed of Trust against appellee, A–OK Motel, Inc., and the lands securing a Deed of Trust note held partially by the appellant, Gil Grady & Associates, Inc.

In its judgment signed and entered on December 27, 1973, it was recited that, " . . . the Court finds from the evidence that no default exists in the payment of the November 1, 1973, or any other payment on said note." The temporary injunction is " . . . operative until and pending final hearing of this case on its merits."

By a single point of error it is asserted that the trial court abused its discretion in granting the temporary injunction.

We affirm.

The controlling law with reference to a determination of the question here involved is clearly stated by the Texas Supreme Court in Texas Foundries v. International Moulders & F. Wkrs., 151 Tex. 239, 248 S.W.2d 460 (1952), in the following language, " ' * * * The granting or refusing of a temporary injunction is subject to a very different character of appellate review from the granting or refusing of a permanent injunction. The trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case, and when that discretion is exercised its order should not be overturned unless the record discloses a clear abuse of discretion. * * *'

"To the same effect see Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (1962), and Ben Wheeler Ind. Sch. Dist. v. County School Trustees, 414 S.W.2d 477 (Tyler Tex.Civ.App., 1967, ref., n. r. e.).

"On this particular appeal the review of the case therefore does not extend to the merits, but is limited to the question of

abuse of discretion. Metropolitan Construction Company v. White, 438 S.W.2d 433 (Fort Worth, Tex.Civ.App., 1969, no writ hist.)." State v. Cook United, Inc., 463 S.W.2d 509 (Fort Worth Tex.Civ.App., 1971, modified and affirmed at 469 S.W.2d 709, Tex.1971).

■ The granting of a temporary injunction is not an abuse of discretion if the applicant therefor pleaded and offered evidence tending to prove a probable right to a permanent injunction and probable injury if the temporary injunction is not granted. Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549 (1953).

■ One seeking a temporary injunction is not required to prove that he will prevail on final trial in order to bring his case within the range of the trial court's discretion to grant a temporary injunction. Transport Co. of Texas v. Robertson Transports, supra.

■ In determining whether there exists evidence sufficient to support the trial court's judgment and the implied findings incident thereto, all evidence adverse or contradictory to said judgment and findings is to be disregarded entirely and only that evidence most favorable to the judgment and the implied findings should be considered. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950). In determining the correctness of the issuance of a temporary injunction, the evidence is to be considered in the light most favorable to the judgment. SCM Corporation v. Triplett Company, 399 S.W.2d 583 (San Antonio Tex.Civ.App., 1966, no writ hist.); Skinner Corp. v. Calallen Independent School Dist., 409 S.W.2d 929 (Corpus Christi Tex.Civ.App., 1966, no writ hist.); Erickson v. Rocco, 433 S.W.2d 746 (Houston Tex.Civ.App., 14th Dist., 1968, ref., n. r. e.).

The trial court did not abuse its discretion in granting the temporary injunction if disregarding all evidence in opposition to such judgment and considering only the favorable evidence, there is evidence which tends to prove a probable right to a permanent injunction and probable injury.

■ We can see no necessity in detailing the evidence contained in this record. We are of the opinion and hold that such evidence warranted the granting of the temporary injunction and therefore the court did not abuse its discretion in granting same.

We agree with the appellee that the facts of the present case are similar to those in Hiller v. Prosper Tex. Inc., 437 S.W.2d 412, 414, 415 (Houston Tex.Civ. App., 1st Dist., 1969, no writ hist.) in which the Court of Civil Appeals held that the trial court did not abuse its discretion in granting a temporary injunction against an attempted foreclosure sale. See also Bischoff v. Rearick, 232 S.W.2d 174 (El Paso Tex.Civ.App., 1950, ref., n. r. e.); Brown v. Hewitt, 143 S.W.2d 223 (Galveston Tex.Civ.App., 1940, error ref.); Jernigan v. O'Brien, 303 S.W.2d 515 (Austin Tex.Civ.App., 1957, no writ hist.); Parkview General Hospital, Inc. v. Ashmore, 462 S.W.2d 360 (Corpus Christi Tex.Civ. App., 1970, ref., n. r. e.); and Reynolds v. Skinner, 394 S.W.2d 201 (Waco Tex.Civ. App., 1965, no writ hist.).

Under the record in this case the appellee pleaded and offered evidence proving or tending to prove a probable right to permanent injunction and probable injury if the temporary injunction was not granted and, therefore, the trial court did not abuse its discretion in granting the appellee a temporary injunction.

Affirmed.