ALLEN SALES AND SERVICENTER, INC., et al., Petitioners,

v.

Shelton RYAN et al., Respondents.

No. B–5063.

Supreme Court of Texas.

July 9, 1975.

L. A. Nelson, Denton, for petitioners.

Michael J. Whitten, Denton, for respondents.

DANIEL, Justice.

This is a suit upon an installment note, wherein the holders seek to accelerate the payment of the entire note because of the failure of the maker to pay the first installment on its due date. The question presented by this appeal is whether the holders, based upon an optional acceleration clause, can accelerate the payment of the entire note without making demand upon the maker of the note for payment of the overdue installment.

On May 28, 1971, Allen Sales and Servicenter, Inc. executed an installment note

payable to "Shelton Ryan and Wayne Ryan or order" in Denton, Denton County, Texas. The principal of $10,000 was to be repaid in five successive annual installments of $2,000 each, plus accrued interest on the unpaid balance at a rate of 7.5 percent per annum. The note provided that the first installment was to be paid June 1, 1972, with the remaining installments to be paid on June 1 of each following year. In his representative capacity as president, N. R. Allen signed the note on behalf of its maker, Allen Sales and Servicenter, Inc. On the back of the note, in his individual capacity, N. R. Allen unconditionally guaranteed the payment of the note.

On June 1, 1972, when the first installment was due, no payment was made. On June 5, without having made any demand or presentment for the payment of the overdue installment, the payees and holders sent a letter by certified mail to Allen Sales and Servicenter, Inc. in which it was said: "It is our option and desire to declare the total note plus interest due in full and said note to be paid by June 15, 1972." This letter was received by Allen on June 6. The option to accelerate the entire balance of the note was granted to the holders in the following language of the note:

> "It is understood and agreed that the failure to pay this note, or any installment as above promised, or any interest hereon, when due, shall, at the option of the holder of said note, mature the full amount of said note, and it shall at once become due and payable."

On June 13, Allen Sales and Servicenter, Inc. tendered to the Ryans the $2,000 installment due on the principal and the interest which had accrued to June 1. This tender was refused. On June 19, the Ryans filed this suit against Allen Sales and Servi-

center, Inc. and N. R. Allen for the entire $10,000 principal, the interest, and attorney fees.

Since the disposition of the case turns upon the legal question of whether a payee of an installment note must make demand for the payment of an overdue installment prior to exercising an option to accelerate the balance of an installment note, both parties filed motions for summary judgment. The trial court granted summary judgment for the Ryans, the payees and holders of the note, and the court of civil appeals affirmed. 517 S.W.2d 700. We reverse and remand the cause to the trial court with instructions which preclude the acceleration of the note.

It is undisputed that the Ryans made no demand for payment of the overdue installment prior to exercising their option to accelerate, and it is the Ryans' position that no demand was necessary. In support of this position, the Ryans urge § 3.501 of the Texas Business and Commerce Code, V.T. C.A.:

> "(a) Unless excused (Section 3.511) presentment is necessary to charge secondary parties as follows:
>
> ". . .
>
> "(3) in the case of any drawer, the acceptor of a draft payable at a bank or the maker of a note payable at a bank, presentment for payment is necessary . . . .."

Since the maker is not a secondary party[1] and since this note was not payable at a bank, § 3.501 does not expressly require presentment[2] to charge the maker *for the overdue installment.* As revealing the intent of the legislature to be that demand upon the maker is unnecessary to exercise an optional acceleration clause, the Ryans cite Comment 4 following § 3.501:

1.  Tex.Bus. & Comm.Code Ann. § 3.102 (1968) provides:
    "(a) In this chapter unless the context otherwise requires
    ". . .
    "(4) 'Secondary party' means a drawer or endorser."

2.  Tex.Bus. & Comm.Code Ann. § 3.504 (1968) defines "presentment":
    "(a) Presentment is a demand for acceptance or payment made upon the maker, acceptor, drawee or other payor by or on behalf of the holder."

". . . Under this section as under the original act presentment for payment is not necessary to charge primary parties (makers and acceptors of undomiciled paper)."

The "original act" referred to in the above Comment to § 3.501 was the "Negotiable Instruments Act," and the specific provision dealing with presentment to the maker was in § 70 of Article 5937, Texas Revised Civil Statutes (Tex.Laws 1919, ch. 123, § 70, at 198), which provided:

"Presentment for payment is not necessary in order to charge the person primarily liable on the instrument; but if the instrument is, by its terms, payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part. Except as herein otherwise provided, presentment for payment is necessary in order to charge the drawer and indorsers."

Neither the above Comment 4 nor the above cited statutes refer directly to accelerations. While Article 5937 was in force, however, this Court recognized the following rule as applicable to optional accelerations in *Faulk v. Futch*, 147 Tex. 253, 257, 214 S.W.2d 614, 616 (1948):

"Furthermore, the rule is well established that, 'Where the acceleration clause in a promissory note leaves it optional with the holder whether he shall declare the whole amount due upon failure to pay any installment of principal or interest, such holder cannot *without presentment for payment*, exercise this option to declare the whole amount due . . . .'" [Emphasis added.]

■ This rule, peculiar to accelerations, was part of our jurisprudence prior to the adoption of the Negotiable Instruments Act, during the existence of that Act, and, unless it has been displaced by the Texas Business and Commerce Code, it will remain a part of our jurisprudence. *Faulk v. Futch, supra; Brown v. Hewitt*, 143 S.W.2d

223 (Tex.Civ.App.1940, writ ref'd); *Curtis v. Speck*, 130 S.W.2d 348 (Tex.Civ.App.1939, writ ref'd); *Luczynski v. Sevier*, 302 S.W.2d 474 (Tex.Civ.App.1957, writ ref'd n. r. e.); *Griffith v. Griffith*, 252 S.W.2d 517 (Tex. Civ.App.1952, writ ref'd n. r. e.); *Bischoff v. Rearick*, 232 S.W.2d 174 (Tex.Civ.App. 1950, writ ref'd n. r. e.); *Parker v. Mazur*, 13 S.W.2d 174 (Tex.Civ.App.1929, writ dism'd); *Credit Exchange of Dallas, Inc. v. Bell*, 427 S.W.2d 674 (Tex.Civ.App.1968, no writ); *Reynolds v. Skinner*, 394 S.W.2d 201 (Tex.Civ.App.1965, no writ); *Dickson v. Dickson*, 324 S.W.2d 422 (Tex.Civ.App.1959, no writ); *Jernigan v. O'Brien*, 303 S.W.2d 515 (Tex.Civ.App.1957, no writ); *Griffin v. Reilly*, 275 S.W. 242 (Tex.Civ.App.1925, no writ); *Beckham v. Scott*, 142 S.W. 80 (Tex. Civ.App.1911, no writ). See also 10 C.J.S. *Bills and Notes* § 251, p. 751 (1938); 11 Am.Jur.2d *Bills and Notes* § 742, p. 824 (1963); 5 A.L.R.2d 968, § 6 (1949). Any language to the contrary in *Business Aircraft Corp. v. Electronic Communications, Inc.*, 391 S.W.2d 70 (Tex.Civ.App.1965, writ ref'd n. r. e.); *Carroll v. Sartain*, 164 S.W.2d 52 (Tex.Civ.App.1942, writ ref'd w. o. m.); and *Kyle v. Commercial Credit Co.*, 152 S.W.2d 465 (Tex.Civ.App.1941, writ dism'd jdgmt. cor.) is disapproved.

The question is whether the legislature, by enacting § 3.501 of the Texas Business and Commerce Code, abolished this rule which has become so entrenched in our court decisions. We are given some guidance in this respect by § 1.103 of the Code:

"Unless displaced by the particular provisions of this title, the principles of law and equity . . . shall supplement its provisions."

The Ryans contend that the absence of a requirement in § 3.501 of the Code that demand be made upon the maker prior to the exercise of an optional acceleration clause evinces a legislative intent that no demand is required. We disagree.

■ As heretofore indicated, the rule requiring demand for payment of the past due installment prior to the exercise of an

optional acceleration clause was a part of our common law prior to the passage of the Negotiable Instruments Act in 1919. Thereafter, for almost half a century, § 70 of that Act was in force with this common law rule as to accelerations engrafted upon it. We are entitled to assume that the legislature, through its inaction, indicated its approval. *Marmon v. Mustang Aviation, Inc.,* 430 S.W.2d 182, 186 (Tex.1968); *Moss v. Gibbs,* 370 S.W.2d 452, 458–59 (Tex.1963). The equities which gave rise to the origin of the rule are present with as much force today as they were when the rule was spawned. The accelerated maturity of a note, which is initially contemplated to extend over a period of months or years, is an extremely harsh remedy. Equity demands notice of the exercise of the option to accelerate. *Brown v. Hewitt, supra.* Until the legislature clearly evinces an intent that this rule be abolished, we will continue to apply it and require that the holder of an installment note make a demand to the maker for payment of an overdue installment prior to exercising an optional acceleration clause. New or revised statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and subject thereto unless the contrary is clearly indicated. *State v. Dyer,* 145 Tex. 586, 200 S.W.2d 813, 815 (1947); *Hart v. Winsett,* 141 Tex. 312, 171 S.W.2d 853, 855 (1943); *McBride v. Clayton,* 140 Tex. 71, 166 S.W.2d 125, 128 (1942).

■ This demand for payment of the overdue installment need not be made on the date the installment is due; the only requirement, as to the time for making the demand, is that the demand for payment of the overdue installment be made prior to exercising the option to accelerate. See *Griffith v. Griffith,* 252 S.W.2d 517 (Tex. Civ.App.1952, writ ref'd n. r. e.); *Beckham v. Scott,* 142 S.W. 80 (Tex.Civ.App.1911, no writ). Our holding in this case should not be interpreted as requiring that demand be made prior to acceleration under all circumstances. The holder is only required to use reasonable diligence in attempting to locate

the maker and demand payment of the overdue installment. For instance, it has been held that the payor may waive his right of demand or presentment by leaving his place of business and making it impossible for the payee to locate him after a reasonably diligent search. See *Holt v. Henrichson,* 321 S.W.2d 146, 148 (Tex.Civ. App.1959, writ ref'd n. r. e.). Also, where repeated demands for payment of past due installments have been fruitless, further formal presentments may be excused under certain circumstances. See *Faulk v. Futch, supra,* and discussion of that case in *Graham & Locke Investments v. Madison,* 295 S.W.2d 234 (Tex.Civ.App.1956, writ ref'd n. r. e.).

■ Respondents, as holders of the note, are entitled only to a judgment for the past due installments together with accumulated interest as provided in the note. Because payments have been made into the registry of the court during the pendency of this case, some of which will affect the total computation of interest, it is better that the trial court make the final computations and provide for disbursements in accordance with this opinion. Therefore the judgments of the lower courts are reversed and the cause is remanded to the trial court for the rendition and entry of a judgment consistent with this opinion. The costs of this appeal are adjudged against respondents.