

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 31, 1977

The Honorable Bob Bullock
Comptroller of Public Accounts
State of Texas
104 L.B.J. State Office Bldg.
Austin, Texas  78711

Opinion No. H-1046

Re:  Whether amendments to
public employees deferred
compensation plan can be
delayed until the Internal
Revenue Service issues a tax
ruling on their effect.

Dear Mr. Bullock:

In 1973, the 63rd Legislature enacted article 6252-3b,
V.T.C.S., authorizing a public employees' deferred compensation
program.  Section 3 of the Act places the administration of the
program for state employees under the direction of the state
comptroller.  Prior to implementation of the program the state
comptroller sought and obtained a favorable ruling from the
Internal Revenue Service of the Treasury Department of the
United States that compensation deferred under the program would
not be subject to federal income tax until the year the bene-
fits are received or made available under the program.  The
ruling provides:

> If the plan or the Agreements are modified
> or further amended in any manner, this ruling
> will not necessarily remain in effect.

Letter ruling from Lester W. Utter, Chief Individual Income Tax
Branch, I.R.S., to Robert S. Calvert, Comptroller of Public
Accounts (December 10, 1973).

The 65th Legislature amended the public employees deferred
compensation program to expand the types of investment contracts
authorized under the program.  Senate Bill 917, Acts 65th Leg.,
Regular Session, 1977.

Your office has requested a ruling from the Internal Revenue
Service on whether the inclusion of the additional investment
products authorized by Senate Bill 917 would affect the previous
favorable ruling on the program.  The I.R.S. has not issued a
ruling on your request to date.

You are concerned that if the amendments made by Senate
Bill 917 are given effect on the effective date of September 1,
1977, or before a favorable ruling can be obtained, all amounts
deferred under the modified program might be regarded by the
IRS as having been constructively received by the participating
employees and subject to federal income tax liability at the
time of deferral.  The Texas statute creating the program pro-
vides that any compensation which is deferred shall not be sub-
ject to taxation until payment is actually made to the employee.

You ask our opinion on the following question:

> Under the circumstances outlined above,
> should implementation of SB 917 be delayed
> until the I.R.S. issues a ruling stating
> the income tax consequences it would have
> on all participating employees of the State
> of Texas Deferred Compensation Program?

The Legislature has designated the comptroller as the per-
son with authority to administer the deferred compensation
program.  V.T.C.S. art. 6252-3b, § 3.  Section 1 of the Act
provides that "[t]he state . . . may, by contract, agree with
any employee to defer . . . any portion of that employee's
compensation . . . ."  Section 2 of the Act provides that the
comptroller "is hereby authorized to enter into such contractual
agreements with employees on behalf of the state. . . ."

Section 6 of article 6252-3b, V.T.C.S., contains what we
believe is the key provision for the guidance of the comptroller's
discretion in this instance:

> [A]ny sum deferred under the deferred
> compensation program shall not be subject
> to taxation until distribution is ac-
> tually made to the employee.

The clear purpose of this Act is to defer federal income tax
on the amounts of state compensation permitted to be deferred.  The
legislature is presumed to have full knowledge of the existing
condition of the law when it enacts a statute.  Allen Sales &
Servicenter, Inc. v. Ryan, 525 S.W.2d 863 (Tex. 1975).  This
presumption extends to relevant federal tax laws.  Simco v. Shirk,
206 S.W.2d 221 (Tex. 1947); State v. Wiess, 171 S.W.2d 848 (Tex.
1943).  The legislature was obviously aware that there is no
state tax on income, and that the federal income tax laws are
applicable to the income of individual state employees, and that
the Texas Legislature has no authority to effect changes in

federal tax laws.  Thus, the only reasonable interpretation of this provision in section 6 is that it is a directive that the deferred compensation program be so administered as to insure that federal income tax liability will be deferred on the amounts of compensation permitted to be deferred under the Act.

It is our opinion, therefore, that the legislature intended that the comptroller ascertain the time at which any contracts authorized by the amendments to the deferred compensation program may be entered into so as to establish that compensation permitted to be deferred under the program as amended will not be subject to federal income tax until distribution is actually made to the employee.

### S U M M A R Y

The comptroller may delay entering contracts authorized by recent amendments to the public employees deferred compensation plan until federal income tax consequences can be established.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst