Mrs. Riley Butler DUNLAP, et al., Appellants,

v.

Olga W. WILLIAMSON, Individually and As Independent Executrix of the Estate of Fred Williamson, Deceased, Appellee.

No. 14151.

Court of Appeals of Texas, Austin.

Dec. 19, 1984.

Rehearing Denied Jan. 16, 1985.

James O. Cure, Temple, for Riley Butler Dunlap.

Don Busby, Busby & Wilson, Temple, for Raymond Wilkinson.

Jerry Scarbrough, Killeen, for Peggy Wilkinson.

Jack W. Prescott, Temple, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

GAMMAGE, Justice.

Riley Butler Dunlap and Raymond and Peggy Wilkinson appeal from the judgment of the trial court holding them liable on a certain promissory note. We will reverse the judgment.

In 1971 Raymond Wilkinson and Roy Dunlap purchased all of the capital stock of Fred Williamson and Company from Fred Williamson. As partial payment for this stock, Raymond Wilkinson and Roy Dunlap executed and delivered to Williamson a promissory note. Neither Peggy Wilkinson nor Riley Butler Dunlap, the wives of the makers of the note, joined in the execution of the note. This note provided, upon default, for acceleration of maturity at the election of the holder. The note contains no waiver of notice and presentment.

The makers of the note defaulted in 1981 and, after giving notice of acceleration and demand for payment, Williamson filed this lawsuit. The Dunlaps were divorced prior to the institution of suit, and the Wilkinsons were divorced shortly after suit was filed. Roy Dunlap sought and received discharge from his debts in bankruptcy later that same year. Fred Williamson subsequently died and his estate went into probate. His widow, Olga Williamson, as executrix of his estate, continued prosecution of the suit.

Mrs. Williamson seeks recovery on the note from Raymond Wilkinson. She also seeks to hold the two wives liable on the note, on the theory that the note was a "community debt."

Raymond Wilkinson and Riley Butler Dunlap were named as defendants in the original petition. Mrs. Williamson later amended and brought in Peggy Wilkinson as a defendant.

The trial court entered judgment against Raymond Wilkinson. Despite a jury finding that Williamson agreed to look solely to Raymond Wilkinson and Roy Dunlap for satisfaction of the debt, the trial court also entered judgment *non obstante veredicto* against the wives. It is from this judgment that all defendants appeal.

## PEGGY WILKINSON AND RILEY BUTLER DUNLAP

■ Mrs. Williamson asserts, and the trial court held, that these two defendants are liable on the note as a matter of law because the note was executed during the respective parties' marriages. We disagree. While there is a presumption that a debt incurred during the marriage is a community debt, this presumption may be rebuted by a showing that the creditor agreed to look for satisfaction only to the separate estate of the spouse incurring the debt. *Cockerham v. Cockerham,* 527 S.W.2d 162 (Tex.1975); *Broussard v. Tian,* 295 S.W.2d 405 (Tex.1956). The joint liability found in *Cockerham* resulted because Mr. Cockerham's "actions were consistent with an implied assent to [the debts'] establishment," not solely because they were incurred during the marriage, as Mrs. Williamson asserts. In the instant case, the jury specifically found that neither of the wives impliedly assented to the establishment of the debt and that Mr. Williamson agreed to look only to the husbands to satisfy the debt. The trial court erred in disregarding these findings. We reverse the judgment of the trial court against Riley Butler Dunlap and Peggy Wilkinson, and render judgment that Mrs. Williamson take nothing from these two defendants.

## RAYMOND WILKINSON

■ Wilkinson asserts by his first point of error that a proper demand for payment was not made. The record reflects that the only demand for payment made was concurrent with the notice of acceleration. No demand was ever made for payment of the delinquent installments.

■ It is well settled that the holder of a note, which provides for acceleration of maturity at the election of the holder, must demand payment of the delinquent installment or installments *before* he can accelerate maturity of the note. *Allen Sales and Servicenter, Inc. v. Ryan,* 525 S.W.2d 863 (Tex.1975). We therefore reverse the judg-

ment of the trial court and render judgment that the appellee take nothing.