**J. J. HILLER, Trustee, Appellant,**

**v.**

**PROSPER TEX, INC., Appellee.**

**No. 15386.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Jan. 23, 1969.

Billy B. Goldberg, Houston, for appellant.

Frank B. McGregor, Dist. Atty., Hill County, Waco, for appellee.

PEDEN, Justice.

This is an appeal from an order granting a temporary injunction which restrains appellant, Mr. Hiller, as trustee for Center Savings Association, from foreclosing under its deed of trust and from selling or attempting to sell three improved lots in Bellaire, Harris County, Texas. Appellant had posted notice of a sale to be held on July 2, 1968.

It is uncontroverted that: 1) Center Savings held a valid promissory note and payment of it was secured by a deed of trust covering the property in question, 2) before May, 1968, appellee had usually been late in making its monthly payments on the note, and Center Savings had accepted such late payments, often collecting a late charge of $27.06 per month and 3) on May 21, 1968, Center Savings sent appellee a notice that it must immediately remit the amount due, $478.06, which included the regular monthly payment of $451.00 plus late charge of $27.06.

Appellee's president, Mr. Crow, testified that he had "made a tender of the May 1 payment about the first part of June," but on cross-examination he admitted that he had never delivered any money. His undisputed testimony was that in early June, 1968, shortly after he had received the notice dated May 21, he tried without success to learn from Center Savings by telephone the amount it held in appellee's escrow account so that he could mail in a check to cover the May payment and could make the June payment out of the escrow account. He said that after the property had been posted for sale he went to Center Savings and told them he was going to send in the May payment and see if he could make the June payment out of the escrow account but was then told that he would have to pay the entire balance on the note.

Appellant's witness, the vice president and manager of Center Savings, testified that as of the end of 1967 Center Savings was holding $1,562.06 in appellee's escrow account after the year's-end payments of taxes and that by June 1, 1968 the balance in appellee's escrow account was more than $1,900.00.

Appellee's president, Crow, admitted he received a notice of foreclosure bearing the date of June 10, 1968; its contents are not in evidence.

The promissory note recites that its payment is secured by deed of trust executed to J. J. Hiller, Trustee, but neither the deed of trust nor its provisions are in evidence; nor are the provisions of the agreement under which the escrow account was operated.

There is nothing in the record indicating that the trial judge was requested to make findings of fact or conclusions of law or that any were made.

The note in question contains this provision:

"It is agreed that time is of the essence of this agreement, and that in the event of default in the payment of any installment of principal or interest when due, the holder of this note may declare the entirety of the note evidenced hereby, immediately due and payable without notice, and failure to exercise said option shall not constitute a waiver on part of the holder of the right to exercise the same at any other time."

Further, the maker expressly waived demand, grace, notice, presentment for payment and protest.

The order appealed from recites that the trial court finds that the plaintiff (appellee) is entitled to a temporary injunction since it was lured into a false sense of security by Center Savings' acceptance of late monthly installment payments by charging $27.06 as a late charge each time the payment was as much as ten days late, and since Center Savings has waived its right to insist on strict payments according to the terms of the note and deed of trust; further that Prosper Tex, Inc. will

probably suffer permanent and irreparable injury if the temporary injunction is not granted. In addition to requiring appellee, Prosper Tex, to provide a bond in the amount of $5,000.00, the court specified that Prosper Tex must: 1) pay into the registry of the court three monthly installments of $451.00 each to cover the payments that were due in May, June and July, 1968 plus $27.06 late charge for May, or a total sum of $1,380.06; 2) also pay into the registry $349.00 on principal and interest plus $102.-00 for the escrow account, such $451.00 payment to be made on or before August 1, 1968, and a like amount on or before the first day of each succeeding month until further order of the court.

Appellant does not challenge the sufficiency of the evidence in support of the recital in the trial court's order that appellee would probably suffer permanent and irreparable injury if the temporary injunction was not granted, so we will not review the evidence of appellee's hardship.

Appellant's sole point of error is that under the terms of the promissory note in this case, acceptance of payments after their due date by Center Savings does not constitute a waiver of its right to accelerate the maturity when further payments are not timely made.

The second (and less restrictive) reason given in the trial court's order was that Center Savings has waived its right to insist on strict payments. We would have restricted this waiver to the May 1 payment, but in looking at the evidence as to a waiver, we find that it showed a combination of circumstances for the court to consider: 1) Center Savings accepted many payments after due date, 2) it charged consideration for each late payment, 3) Center Savings had more of appellee's money in an escrow account after payment of taxes than was due on the note but refused to tell Crow the amount it held in such account, thus delaying his efforts to pay at a crucial time.

Ordinarily, the acceptance of past due installments on a note waives only the option on the past default on such installments and does not waive the option to declare the balance due on the note for future defaults. Weierhauser v. Bennett, 19 S.W.2d 572 (San Antonio, Tex.Civ.App., 1929, no writ).

The appellee had often been late in making its payments, and the holder had sent a written demand, but on December 14, 1967, when three payments and three late charges in the amount of $1,434.24 were due, the holder sent a written demand and added that unless payment was made before the end of the month foreclosure proceedings would be instituted.

A written demand for an installment plus late charges was sent on April 22, 1968, when appellee was late in making his April payment, and on May 21 a similar demand was sent concerning the May installment. This time, instead of waiting as long as before and notifying appellee that it must pay promptly to avoid foreclosure, the holder caused foreclosure notices to be posted.

There is other significant evidence to be considered in determining whether the trial court abused its discretion in preserving the status quo until the trial on the merits (and we here note the care with which the trial court required the payments be promptly made during the pendency of this cause), such as Crow's testimony that the holder more than once refused to tell him how much appellee's escrow account contained at a time when its balance seems to have been more than adequate to pay the amount due, at a time when the appellee's need to apply some of it on the note was urgent and at a time when the trial court may have determined that Center Savings had not yet exercised its option to accelerate maturity of the note. The only excuse given was that Center Savings does not make such information available by telephone. It is clear that this refusal delayed Crow's efforts to remit.

The exercise of the power of acceleration is a harsh remedy and deserves close scrutiny. Parker v. Mazur, 13 S.W. 2d 174 (San Antonio, Tex.Civ.App., 1928, error dism.); Bischoof v. Rearick, 232 S. W.2d 174 (El Paso, Tex.Civ.App., 1950, writ ref., n.r.e.). In the latter case it is pointed out that a court should exercise its equity powers in the event the default is the result of accident, mistake or inequitable conduct of the creditor himself. We see no reason why the exercise of equity powers should be denied if the same factors cause a delay in payment of the overdue installment.

There is also the question of whether the actions of Crow and those of Center Savings, at a time before the record shows that Center Savings had declared that it was accelerating maturity, were sufficient to cause such holder of the note to lose its right to exercise this option.

Although the note specifically provides for optional acceleration without notice, the maturity date of such a note is not in fact accelerated until the holder does so treat it. "The optional clause is not self-executing but requires some action on the part of the holder since the provision is for his benefit and he may or may not take advantage of it." 11 Am.Jur.2d 318, Bills and Notes, § 294, citing Drinkard v. Jenkins, 207 S.W. 353 (Ft. Worth, Tex.Civ. App., 1918, writ dism.).

Appellee alleged in its petition that it tendered payment of the May 1 installment but it was refused and Crow was informed that Center Savings was going to foreclose. As noted, Crow testified that the entire balance was demanded. We find no evidence in the record of an earlier declaration by the holder that it was accelerating maturity of the note. The record is silent as to whether the foreclosure notices were based on default on one payment or on default plus acceleration.

"* * * a tender of arrears due on a mortgage containing an acceleration clause, made before the holder of the mortgage has exercised his option to declare the entire amount of the debt due, prevents the exercise of the option." Fraser v. Kay, 251 S.W.2d 754 (San Antonio, Tex. Civ.App., 1952, no writ), quoting 36 Am. Jur. 887, Mortgages, § 400.

We consider that Crow's testimony concerning tender as reviewed near the beginning of this opinion raises a fact issue as to whether the circumstances were such as to invoke the rule that a formal tender by the debtor is not required when the creditor has indicated an unwillingness to accept payment of what was then due. See 55 Tex.Jur.2d 213, Tender, § 3, and cases cited therein.

We conclude that the Trial Court did not abuse its discretion, and we affirm its order granting the temporary injunction.