Frank **HUTCHISON** et al., Appellants,

v.

**BRISTOL COURT PROPERTIES, LTD.,** et al., Appellees.

No. 17508.

Court of Civil Appeals of Texas, Fort Worth.

March 22, 1974.

Rehearing Denied April 26, 1974.

Andress, Woodgate & Lodewick, and Wm. Andress, Jr., Dallas, for appellants.

Golden, Potts, Boeckman & Wilson, and H. David Herndon, and Duncan E. Boeckman, Dallas, for appellees.

## OPINION

LANGDON, Justice.

This is an appeal under Rule 385, Texas Rules of Civil Procedure, from the grant of a temporary injunction against a trustee's sale.

In August of 1971, appellant Hutchison sold a 148 unit apartment complex to the appellee Limited Partnership. In October, 1973, the appellants posted the property for foreclosure on November 6, 1973. Appellees obtained a temporary restraining order restraining the sale of the property and, after a full hearing, were granted a temporary injunction, temporarily enjoining foreclosure until a final hearing can be had. Appellants' appeal from the order granting the temporary injunction asserts that the trial court abused its discretion in granting appellees a temporary injunction.

We affirm.

The sole question to be decided by this Court is whether the trial court abused its discretion in granting such injunction. The granting of a temporary injunction is not an abuse of discretion if the applicant therefor pleaded and offered evidence tending to prove a probable right to a permanent injunction and probable injury if the temporary injunction is not granted. Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W. 2d 549 (1953). One seeking a temporary injunction is not required to prove that he will prevail on final trial in order to bring his case within the range of the trial court's discretion to grant a temporary injunction. Transport Co. of Texas v. Robertson Transports, supra.

In this case there are no findings of facts or conclusions of law. In the absence of such findings of fact, all fact issues are presumed to have been found by the trial court in favor of the judgment. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950).

In determining whether there exists evidence sufficient to support the trial court's judgment and the implied findings incident thereto, all evidence adverse or contradictory to said judgment and findings is to be disregarded entirely and only that evidence most favorable to the judgment and the implied findings should be

considered. Renfro Drug Co. v. Lewis, supra. In determining the correctness of the issuance of a temporary injunction, the evidence is to be considered in the light most favorable to the judgment. SCM Corporation v. Triplett Company, 399 S.W.2d 583 (San Antonio, Tex.Civ.App.1966, no writ hist.); Skinner Corp. v. Calallen Independent School Dist., 409 S.W.2d 929 (Corpus Christi, Tex.Civ.App.1966, no writ hist.); Erickson v. Rocco, 433 S.W.2d 746 (Houston, Tex.Civ.App., 14th Dist., 1968, ref., n. r. e.).

The trial court did not abuse its discretion in granting the temporary injunction if disregarding all evidence in opposition to such judgment and considering only the favorable evidence, there is evidence which tends to prove a probable right to a permanent injunction and probable injury.

We can see no necessity in detailing the evidence contained in this record. We are of the opinion and hold that such evidence warranted the granting of the temporary injunction and therefore the court did not abuse its discretion in granting same.

We agree with the appellee that the facts of the present case are similar to those in Hiller v. Prosper Tex, Inc., 437 S.W.2d 412, 414, 415 (Houston, Tex.Civ. App., 1st Dist., 1969, no writ hist.) in which the Court of Civil Appeals held that the trial court did not abuse its discretion in granting a temporary injunction against an attempted foreclosure sale. In fact, in Hiller v. Prosper Tex, Inc., supra, the court felt that the conduct of the note holder in refusing, just as Hutchison did in the present case, to advise the debtor of the amount past due, was such inequitable conduct that that fact alone was probably sufficient to invoke the equity powers of the court to prevent acceleration. Hiller v. Prosper Tex, Inc., supra, at pages 414 and 415.

Under the record in this case the appellees pleaded and offered evidence proving or tending to prove a probable right to permanent injunction and probable injury if the temporary injunction was not granted and, therefore, the trial court did not abuse its discretion in granting the appellees a temporary injunction.

Affirmed.