Bobby F. STEVENS et al., Appellants,

v.

BOWIE NATIONAL BANK OF BOWIE, Texas, et al., Appellees.

No. 17547.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 6, 1974.

Rehearing Denied Dec. 27, 1974.

W. John Allison, Jr., Hassell & Riley, and J. W. Hassell, Jr., Dallas, for appellants.

Jack Connell, Bowie, for appellees.

## OPINION

LANGDON, Justice.

This is a suit to set aside a deed from a substitute trustee acting under a Deed of Trust. The case was tried to a jury. Judgment was rendered for defendants.

The appeal from that judgment is based upon five points of error. They are (1) the Bank failed to meet the requirements for foreclosure under the Deed of Trust. Points 2, 3 and 4 assert that the sale was ineffective because the previous owner of the note had waived prior delinquent payments and the jury so found. (5) All payments to which any claim of delinquency might have been made were tendered to the Bank prior to the trustee's sale.

We reverse and render.

We will first discuss points 2, 3 and 4 on the question of waiver.

The note in question was formerly owned by Mr. C. W. Ford who in June or July of 1968 placed it with the Bowie National Bank (hereinafter referred to as Bank) for collection. Stevens assumed the payment of the note on December 27, 1968, at which time the Bank was still collection agent for Ford. The Bank remained so until March 2, 1971, when Ford sold and transferred the liens (Vendor and Deed of Trust) and the note to the Bank at the latter's request for the specific purpose of foreclosing on it. The Bank president admitted this. Stevens was obligated to the Bank on other matters and the Bank was hopeful it could recoup some losses by purchasing and foreclosing on the note.

At the time the note was purchased by it the Bank had full knowledge that payments had on occasions not been made, that some payments had been partial and that many payments had been made after the 15th day of each month which was the due date. During the life of the note the interest on it had always been calculated to the date of payment and the principal balance carried forward after each payment with the interest credited to date. All of the data relating to payments of principal and interest on the note were listed on the back of it. The Bank was aware of this because it was the collection agent for Ford. Additionally, when Ford sold the note to the Bank the transfer instrument recited that such data was on the back of the note.

At the time the Bank became the owner of the note on March 2, 1971, it immediately turned it over to its attorney for acceleration and foreclosure. The original trustee was requested to sell. He refused to do so and resigned. The Bank appointed a substitute trustee. On March 8, 1971, notices were posted and on April 6, 1971, the

property was sold to the Bank for the sum of the balance due on it.

Under our view of the case no installment of principal or interest on the note was due until on March 15, 1971.

■ It is indispensable to the exercise of the right to accelerate that there be a default. Slaughter v. Qualls, 139 Tex. 340, 162 S.W.2d 671 (1942); Bradford v. Thompson, 470 S.W.2d 633 (Tex.Sup., 1971) and Ford v. Emerich, 343 S.W.2d 527 (Houston Civ.App., 1961, ref., n. r. e.).

V.T.C.A., Business & Commerce Code, § 3.302(a)(3), provides that a holder in due course is a holder who takes the instrument without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

Section 3.304(c)(1) provides that the purchaser has notice that an instrument is overdue if he has reason to know "that any part of the principal amount is overdue . . . ."

Section 3.306(2) of the same text provides that unless he has the rights of a holder in due course any person takes the instrument subject to "all defenses of any party which would be available in an action on a simple contract; . . . ."

■ It is apparent that under the above provisions of V.T.C.A., Business and Commerce Code, that the Bank was not a holder in due course of the note because at the time it bought the note part of the payments were past due and unpaid and because of its knowledge and notice of such delinquency. It therefore took the note subject to all defenses, including that of waiver, which Stevens had against the prior owner of the note.

In San Antonio Real-Estate, Bldg. & Loan Ass'n v. Stewart, 94 Tex. 441, 61 S. W. 386 (1901) the court said that, " . . . while neither party by his separate action or nonaction could impair the rights of the other, each could waive his own rights as they accrued from the default in payment of an installment so as to estop him from relying upon such default. To accomplish this, it would only be necessary that each should so act as to justify the other in believing and acting upon the belief that the effect of the failure to pay an installment was to be disregarded, and that the contract should stand as if there had been no default. The principle of estoppel by waiver would, we think, have proper application in such a case. Bish. Cont. §§ 789–808; Bigelow, Estop. p. 633 et seq.; Insurance Co. v. Lacroix, 45 Tex. 158; Insurance Co. v. McGregor, 63 Tex., [399], 404. An agreement or waiver having the effect supposed may be inferred from the conduct and declarations of the parties as well as evidence by their express stipulations."

See also 9 Tex.Jur.2d 130, § 120, "— Waiver and estoppel," and the cases cited thereunder.

In the case at bar the jury found in answer to special issue No. 3 and C. W. Ford had waived the delinquency of payments on the note prior to March 2, 1971, the date on which Ford sold the note to the Bank.

The Bank acquired no greater rights under the note than those rights possessed by Mr. Ford and he, according to the facts and the jury finding, had waived the rights which the Bank attempted to exercise.

Appellants' points 2, 3 and 4 are sustained. We find and hold that because of waiver the Bank was estopped from acceleration and foreclosure of the note.

We next consider the first point above defined. Since the case on appeal is disposed of by our holdings to this point we decline a lengthy discussion and dispose of the point by stating that we sustain it and cite the following authorities. Beckham v. Scott, 142 S.W. 80 (Dallas Civ.App., 1911, no writ hist.); Parker v. Mazur, 13 S.W. 2d 174 (San Antonio Civ.App., 1928, writ dism.); Curtis v. Speck, 130 S.W.2d 348

(Galveston Civ.App., 1939, writ ref.); Brown v. Hewitt, 143 S.W.2d 223 (Galveston Civ.App., 1940, writ ref.); Bischoff v. Rearick, 232 S.W.2d 174 (El Paso Civ. App., 1950, writ ref., n. r. e.).

 In Bischoff, supra, the court said: "It seems now to be the established law and approved by the Supreme Court that before the accelerated provision may be resorted to and the whole debt matured demand must first be made for any installment due on the debt and an opportunity given to pay the installment before the acceleration of the entire debt for failure to pay such installment . . .."

The above rule would appear to be particularly applicable to the note involved in this litigation because of its history of delinquencies. At some point it would appear appropriate for the note holder to call a halt to delinquent payments of installments of principal and interest as they become due and to say that such future conduct would not be tolerated.

See also Jernigan v. O'Brien, 303 S.W. 2d 515 (Austin Civ.App., 1957, no writ hist.); 5 A.L.R.2d 977, Sec. 6; Reynolds v. Skinner, 394 S.W.2d 201 (Waco Civ. App., 1965, no writ hist.); Hiller v. Prosper Tex, Inc., 437 S.W.2d 412 (Houston Civ.App., 1st Dist., 1969, no writ hist.); and Parkview General Hospital, Inc. v. Ashmore, 462 S.W.2d 360 (Corpus Christi Civ.App., 1970, ref., n. r. e.).

 This brings us to a discussion of point 5, the final point which pertains to the question of "tender." We do not pass upon this question because it was not fully developed during the trial and is not necessary to the disposition of the cause on this appeal.

V.T.C.A., Business and Commerce Code, § 3.604(c) provides that where the maker or acceptor of an instrument payable otherwise than on demand is able and ready to pay at every place of payment specified in the instrument when it is due, it is equivalent to tender.

See also 55 Tex.Jur.2d 212, § 1, et seq., and the authorities there cited.

Based upon the facts above recited and the cited authorities, we find and hold that the sale of the subject property by the substitute trustee, under the deed of trust in question, to the Bank, was ineffective and did not transfer title thereto to said Bank.

The judgment of the trial court is therefore reversed and judgment here rendered that the April 12, 1971, deed from the substitute trustee, S. L. Hanson, purporting to convey the property in question to Bowie National Bank be and the same is accordingly cancelled, set aside and held for naught.