**Affirmed and Memorandum Opinion filed November 26, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00946-CV

---

## MAI TRAN, Appellant

### V.

## THIEN QUANG DINH AND LIEU THI NGUYEN, Appellees

---

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2016-55487**

---

## MEMORANDUM OPINION

This case arises from a nonjudicial foreclosure sale of commercial property. The foreclosed-upon debtor appeals the trial court's no-evidence summary judgment dismissing her claims for wrongful foreclosure, common-law fraud, and statutory fraud. The debtor has not shown that her summary-judgment evidence raises a genuine fact issue as to a defect in the foreclosure-sale proceedings to support her wrongful-foreclosure claim, or that she relied upon any misrepresentation to support her fraud claims. Because the appellant has not

shown that the trial court erred in granting the creditors' no-evidence motion for summary judgment, we affirm.

## I. Factual and Procedural Background

In 2013, appellant/plaintiff Mai Tran executed a promissory note (the "Note") to appellees Thien Quang Dinh and Lieu Thi Nguyen (collectively the "Dinh Parties"), secured by a deed of trust ("Deed of Trust") on Tran's real property at 1712 Houston Boulevard, Houston, Texas (the "Property"). The Deed of Trust named the Dinh Parties as beneficiaries and Christopher M. Pham Law Group, PLLC as the trustee under the Deed of Trust (the "Trustee"). In the Deed of Trust, Tran designated a Houston address as her mailing address, and she agreed that this address would be changed only if she were to send a notice of address change by certified mail to the Dinh Parties at their designated address. Under the Note, Tran was required to make monthly payments to the Dinh Parties for a six-year period beginning January 2014.

In 2014, Tran moved to Jasper, Texas, to start working at a new job. Tran testified in her affidavit that she "notified Dinh that [she] had moved to Jasper, TX for [her] new job." Tran did not testify or provide other evidence that she sent a notice of address change by certified mail to the Dinh Parties at their designated address. After moving to Jasper, Tran continued to send regular payments to the Dinh Parties.

In February 2016, Dinh called Tran to report that her check for the January 2016 payment had bounced. In her summary-judgment affidavit, Tran explained what followed:

> I apologized and told him to go ahead and redeposit it or give it back to me and I will replace it with a new check. Dinh told me not to worry about it and he knows that I work in Jasper so the next time that

2

I get a chance to go back to Houston is fine. I trusted his words and I continued to work and stayed in Jasper, TX.

In her affidavit Tran also states that she waited for Dinh to give back the bounced check so that Tran could replace it with a new check. Though she made regular payments in each of the months that followed, the record contains no evidence showing that Tran ever made a payment to cover the bounced check.

In July 2016, the Trustee prepared a notice of foreclosure sale on the Property and a letter to Tran notifying her that a default had occurred in the payment of the indebtedness secured by the Deed of Trust, that the indebtedness had been accelerated, and that a foreclosure sale would occur on August 2, 2016. The Trustee identified the default as Tran's failure to make the January 2016 payment due to her check being returned for insufficient funds, and Tran's failure to send another check to replace it. The letter and notice were mailed on July 12, 2016, by certified mail to Tran at the Houston address Tran had designated in the Deed of Trust as her mailing address.

Dinh called Tran on August 2, 2016, shortly before the foreclosure sale was to take place and spoke to her about the foreclosure sale. Tran testified that it was during this phone call that she first learned about the sale. Nadine Bui, a paralegal at Christopher M. Pham Law Group, PLLC conducted the foreclosure sale. Bui made an initial bid of $60,000, but another bidder — DT Investments, a company owned by Dieu Thao Nguyen, a friend and client of Christopher Pham — ultimately purchased the Property, based on a bid of $173,900, which was the highest bid.

Tran filed suit in the trial court below, asserting claims for wrongful foreclosure based on several alleged defects in the foreclosure-sale proceedings. Tran also asserted claims for common-law and statutory fraud.

3

The Dinh Parties filed a no-evidence motion for summary judgment, asserting that there was no evidence of each essential element of Tran's claims for wrongful foreclosure, common-law fraud, and statutory fraud. Tran filed a response and submitted summary-judgment evidence, including Tran's affidavit, excerpts from various deposition transcripts, the Note, Deed of Trust, and Notice of Trustee's Sale. The trial court granted summary judgment dismissing all of Tran's claims, and shortly thereafter issued a final judgment dismissing the case. Tran appealed.

## II. ARGUMENT AND ANALYSIS

In reviewing a no-evidence summary judgment, we ascertain whether the nonmovant pointed out summary-judgment evidence raising a genuine issue of fact as to the essential elements attacked in the no-evidence motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex. 2002). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

4

**A.      Did the trial court err in granting summary judgment as to Tran's wrongful-foreclosure claims?**

In her first issue, Tran complains that the trial court erred in granting summary judgment as to her wrongful-foreclosure claims.  She contends that she raised a genuine fact issue as to the following alleged defects in the foreclosure-sale proceedings:  (1) Tran was not in default; (2) the Notice of Trustee's Sale was defective because the notice did not contain the street address of the trustee; and (3) the person conducting the trustee's sale was not authorized to conduct the foreclosure sale.

*1. Did Tran raise a genuine fact issue showing that no default occurred based on the January 2016 installment due under the Note?*

Tran first contends that the summary-judgment evidence raised a fact issue as to whether the foreclosure-sale proceedings were defective because by the time the Trustee sent the notice of the foreclosure sale based on the missed January 2016 payment, the January 2016 payment "had long been paid and accepted," and therefore Tran was not in default. In her affidavit Tran acknowledges that the check she mailed for the January 2016 payment bounced.  She presents no evidence that she ever issued another check for the January payment.  Instead, Tran relies upon the monthly payments that she sent, and that the Dinh Parties accepted, in February, March, April, May, June, and July of 2016. Tran relies on the following language in the Note: "All sums paid on this note will be applied first to the accrued and unpaid interest and the balance, if any to unpaid principal." According to Tran, under this provision, her February payment was applied to her January payment, and her March payment was applied to her February payment, and so on through her July payment, which she claims was applied to the June payment.[1]  We presume without deciding, that Tran made the monthly payments of

_____

[1] Tran submitted a payment for August 2016, but this payment was returned because Tran sent

$1,567.03 by the seventeenth day of each month from February through July of 2016, as she asserts. We also presume that these payments were credited against past-due prior amounts, including the January 2016 payment.

Under the unambiguous language of the Note, Tran was required to make payments of $1,567.03 on the second day of each month in 2016, unless the second day of the month fell on a Saturday, Sunday, or bank holiday, in which case the payment was due on the next business day. The Note provides that payments would become past due fifteen days after the due date. Under the terms of the Note, all past due principal and interest accrues interest at the rate of 7.75% per annum. In addition, the Note provides for a late-payment fee of five percent of any payment that is more than fifteen days past due.

In the Deed of Trust, Tran agreed to "pay all of said indebtedness, together with the interest and other appurtenant charges thereon, when the same shall become due, in accordance with the terms of the Note." Tran also authorized and empowered the Trustee, at the Dinh Parties' request, to sell the Property if Tran "fails to perform faithfully any covenant or agreement herein contained" and if Tran is "in default in the performance of any such covenant or agreement." In the Deed of Trust, Tran also agreed that if she defaulted in the "prompt payment, when due, of said indebtedness secured hereby, or any part thereof," then, at the Dinh Parties' option and without notice or presentment, the Dinh Parties were authorized to declare the entire indebtedness immediately due and payable.

Tran's subsequent-payment argument ignores the fact that, even if the February payment were sufficient to pay off the amount due relating to the January payment, Tran did not make the February payment until the January payment was past due and she was in default for not timely making the January payment. Thus,

the payment after the foreclosure sale had occurred.

6

under the unambiguous terms of the Note, the February payment did not erase Tran's default for late payment of the January payment. Under the clear and unequivocal text of the Note and Deed of Trust, the Dinh Parties had the option to accelerate the Note based on this default, and the Dinh Parties also had the right to delay in exercising their option to accelerate the Note. *See Moayedi v. Interstate 35/Chisam Road, L.P.*, 438 S.W.3d 1, 7–8 (Tex. 2014). In addition, Tran's subsequent-payment argument does not account for any late-payment fees or interest accruing on past due principal and interest under the terms of the Note. We conclude that the summary-judgment evidence does not raise a genuine fact issue as to whether there was a defect in the foreclosure-sale proceedings due to Tran not being in default. *See Teachout v. Kitchen*, No. 14-03-00215-CV, 2004 WL 794383, at *4 (Tex. App.—Houston [14th Dist.] Apr. 15, 2004, no pet.) (mem. op.).

Tran also asserts that by accepting the subsequent payments, the Dinh Parties waived their right to declare a default based on Tran's default as to the January payment. The Note provides that "[i]f ANY payment of principal or interest of this note is not paid when due . . .thereupon, at the option of [the Dinh Parties], this note and any and all other indebtedness of [Tran] to [the Dinh Parties] will become and be due and payable forthwith without demand, notice of default, notice of intent to accelerate the maturity of this note, notice of acceleration of the maturity of this note, notice of nonpayment, presentment, protest or notice of dishonor, all of which are expressly waived by [Tran]." In the Note, Tran also agreed that "NEITHER the failure to exercise, nor delay in exercising, [the Dinh Parties'] right to accelerate the maturity of this note or any other right, power or remedy upon any default may be construed as a waiver of such default or as a waiver of the right to exercise any such right, power or remedy at anytime [sic]."

7

The Note also provides that the Dinh Parties' "acceptance from time to time of any payment under this [Note] that is past due or that is less than the payment in full of all amounts due and payable at the time of such payment, will not (i) constitute a waiver of or impair or extinguish the rights of [the Dinh Parties] to accelerate the maturity of this [Note] or to exercise any other right, power or remedy at that time or at any subsequent time, or nullify any prior exercise of any such right, power or remedy, or (ii) constitute a waiver of the requirement of punctual payment and performance, or a novation in any respect." Under the clear and unequivocal language of the Note, Tran agreed that action like the Dinh Parties' acceptance of the subsequent payments would not waive their right to accelerate the Note based on the default regarding the January payment. *See Moayedi*, 438 S.W.3d at 7–8. Tran cites three cases in support of this argument, but these cases are not on point because the contracts in these cases did not contain language that was the same or substantially similar to the language in the above-cited provisions of the Note. *See Highpoint of Montgomery Corp. v. Vail*, 638 S.W.2d 624, 626–27 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.); *McGowan v. Pasol*, 605 S.W.2d 728, 732 (Tex. Civ. App.—Corpus Christi 1980, no writ); *Hiller v. Prosper Tex, Inc.*, 437 S.W.2d 412, 413–14 (Tex. Civ. App.—Houston [1st Dist.] 1969, no writ).

*2. Did the Notice of Trustee's Sale contain the Trustee's street address?*

Tran also alleges that the Notice of Trustee's Sale did not contain the street address of the trustee "on the face of the Notice." The Texas Property Code requires that "[t]he name and a street address for a trustee or substitute trustees shall be disclosed on the notice [of foreclosure sale]." Tex. Prop. Code §51.0075(e). The Notice of Trustee's Sale consists of two pages. On the first page, the Notice identifies the Trustee as "Christopher M. Pham Law Group, PLLC." On the second page, the designated trustee's name appears again "Christopher M. Pham Law Group, PLLC", and immediately thereunder appears

8

the address "10700 Richmond Avenue, Suite 200, Houston, Texas 77042."[2]  We conclude that the summary-judgment evidence does not raise a genuine fact issue as to whether the Notice of Foreclosure Sale violated this section of the Property Code by failing to disclose on the notice the name and a street address for the Trustee.  *See id.*

> *3. Did Tran raise a genuine fact issue as to whether the sale was not conducted by an authorized trustee?*

Tran also alleges that the foreclosure sale was not conducted by the Trustee, Christopher M. Pham Law Group, PLLC, as authorized by the Deed of Trust. Instead, Tran asserts that the foreclose sale was conducted by Nadine Bui, a paralegal who was not a member, manager, or officer of the Trustee.

Presuming, without deciding, that Tran has adequately briefed a complaint that Bui lacked actual authority to conduct the foreclosure sale on behalf of the Trustee, we find no merit in her argument. The summary-judgment evidence shows that Bui was a paralegal employed by the Trustee when she conducted the foreclosure sale. Christopher Pham, the sole member of the Trustee, testified in his deposition that although he does not have any documents showing that Bui was authorized to conduct the foreclosure sale for the Trustee, it was Pham's "authorization and [his] instruction to her."  Pham testified that he told Bui to conduct the sale.  No summary-judgment evidence contradicts this testimony.  We conclude that the evidence Tran submitted in response to the no-evidence motion for summary judgment does not raise a genuine fact issue as to whether Bui lacked authority to conduct the foreclosure sale on behalf of the Trustee or as to whether the Trustee did not conduct the foreclosure sale.

---

[2] The same address also appears in the letterhead of the Trustee's letter enclosed with the Notice of Trustee's sale, though the letter is not part of the notice.

Because the summary-judgment evidence does not raise a genuine fact issue as to any of the three alleged defects in the foreclosure-sale proceedings, we overrule the first issue. Based on this disposition, we need not address whether a fact issue exists as to other elements of the wrongful-foreclosure claims.

**B.     Did the trial court err in granting summary judgment on Tran's common-law fraud and statutory fraud claims?**

In her second issue, Tran complains that the trial court erred in granting the no-evidence motion for summary judgment on her claims for common-law fraud and statutory fraud. Tran's affidavit served as the sole summary-judgment evidence responsive to the Dinh Parties' no-evidence challenge to her fraud claims. The only discernable fraud theory apparent from the affidavit turns on misrepresentations Dinh allegedly made to Tran during a phone call in February 2016, when Dinh reported to Tran that the check for the January payment had bounced. Tran alleges that during the call Dinh gave her assurances that led to her failure to send another check for the January payment. In her affidavit, Tran testified in pertinent part as follows:

> With regards to the January 2016 check payment, Dinh called me sometime in [sic] or about February of 2016 and told me that the check had bounced. I apologized and told him to go ahead and redeposit it or give it back to me and I will [sic] replace it with a new check. Dinh told me not to worry about it and he knows [sic] that I work in Jasper so **the next time that I get a chance to go back to Houston**[3] is fine. I trusted his words and I continued to work and stayed in Jasper, TX. For the following months of February-August 2016, I did my duty and paid the mortgage every month. . .
>
> At all relevant time[s], I trusted and relied on Dinh's words and waited for Dinh to give back the original check, so I could replace it with a new check.

---

[3] Emphasis added.

We presume, without deciding, that Dinh stated that "the next time that [Tran] get[s] a chance to go back to Houston is fine" and that by "fine," Dinh meant that he would give Tran the bounced check in exchange for a new check for the amount owed regarding the January payment. We also presume that this statement was a material representation.

We note that Tran testified only that she "stayed in Jasper, TX" after her phone call with Dinh, and that no summary judgment evidence shows whether Tran returned to Houston before August 2, 2019, the date of the foreclosure sale. No summary-judgment evidence addresses when Tran next had a chance to go back to Houston. Without any proof that Tran had no chance to go to Houston before the Trustee sent the Notice of Trustee's Sale, the summary-judgment evidence fails to raise a fact issue as to whether Tran relied on this alleged representation. Simply stating that she was working in Jasper and stayed in Jasper does not equate to stating that she had no opportunity to come to Houston.

Although Tran did not indicate in her summary-judgment response the statutory provision upon which she relied, she conceded in her summary-judgment response that reliance is an essential element of her statutory-fraud claim. The summary-judgment evidence thus fails to raise a fact issue as to whether Tran relied on Dinh's alleged representation, an essential element of Tran's common-law-fraud claim and statutory-fraud claim. Accordingly, the trial court did not err in granting summary judgment as to these claims. We overrule the second issue.

**C. Did the trial court err in granting summary judgment as to Tran's purported "claim to set aside the trustee's sale"?**

In her third issue, Tran complains that the trial court erred in granting summary judgment as to her "claim to set aside trustee's sale." According to Tran,

11

in addition to asserting claims against the Dinh Parties for wrongful foreclosure and for fraud, Tran also asserted a claim that she sometimes calls a "claim to set aside trustee's sale" and sometimes calls a "suit to set aside the trustee's sale." Tran asserts that the trial court erred in granting summary judgment as to this third claim because the Dinh Parties did not challenge this claim in their summary-judgment motion.

The Dinh Parties asserted in their motion that there was no evidence as to each of the essential elements of a claim for wrongful foreclosure. Tran has not cited any cases providing for a "claim to set aside trustee's sale" that show such a claim differs from a wrongful-foreclosure claim. Nor has Tran offered any explanation of the claim she asserts the Dinh Parties did not attack. In Tran's live pleading regarding this third claim, she asserts that the trustee did not comply with the Deed of Trust and that "[t]herefore, the foreclosure of [Tran's] property is invalid and [Tran] is entitled to a wrongful foreclosure cause of action." We conclude that the substance of this third claim is a wrongful-foreclosure claim based on the trustee's alleged failure to comply with the Deed of Trust. *See Dresser-Rand Group, Inc. v. Centauro Capital, S.L.U.*, 448 S.W.3d 577, 586 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Therefore, the Dinh Parties' no-evidence grounds sufficed to challenge this third claim.

Other than this failure-to-challenge argument, the only appellate challenges Tran makes as to the third claim is to assert the same three complaints that we rejected in section II.A., above. We overrule Tran's third issue.

### III. CONCLUSION

Tran has not shown that the trial court erred in granting summary judgment as to any of her claims. Therefore, we affirm the trial court's judgment.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Bourliot and Poissant.

13